UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHARLES SALDARRIAGA

                          Plaintiff,              Case No.:

     - against -

                                          **COMPLAINT**

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT SERGEANT DET. WILLIAM J.          **JURY TRIAL DEMANDED**
PLANETA (SHIELD NO. 2571), DET. ERIC BOLGER
(SHIELD NO. 680), DET. LEONARDO MOSCOSO
(SHIELD NO.5917), OFFICER MOHAMMAD F.     25-cv-01115-RPK-JRC
HOSSAIN (SHIELD NO.17007)

                        Defendants.
------------------------------------------------------------------------X

     Plaintiff, CHARLES SALDARRIAGA, proceeding *pro se,* hereby files this Complaint
against Defendants, the City of New York ("CITY"), New York City Police Department
("NYPD"), Sergeant Detective William J. Planeta ("PLANETA"), Detective Eric Bolger
("BOLGER"), Detective Leonardo Moscoso ("MOSCOSO"), and officer Hossain ("HOSSAIN")
(collectively "Defendants"), and alleges as follows:

REC'D IN PR SE OFFICE
FEB 26 ' PM12:11

### PRELIMINARY STATEMENT

     1.    Plaintiff Charles Saldarriaga, a 37-year-old Hispanic male and resident of Queens,
New York, brings this civil rights action under 42 U.S.C. § 1983 and New York state law against
Defendants for their unlawful actions, including false arrest, unlawful seizure, malicious
prosecution, due process violations, racial discrimination, and intentional infliction of emotional
distress.

2.      Plaintiff was subjected to an illegal traffic stop, false arrest, and malicious prosecution at the hands of NYPD Sergeant William J. Planeta and Detective Bolger, despite having committed no crime.

3.      Defendants arrested Plaintiff without probable cause, detained him for hours, subjected him to humiliating and degrading treatment, and ignored his pleas for an explanation regarding the legitimacy of the stop and arrest.

4.      Defendant PLANETA's actions were racially motivated, consistent with his well-documented history of discrimination against minorities, as seen in prior lawsuits brought against him for similar misconduct.

5.      As a direct result of Defendants' unconstitutional actions, Plaintiff suffered severe emotional distress, reputational harm, financial loss, and was forced to endure a medical episode requiring hospitalization while in NYPD custody.

6.      Plaintiff now seeks compensatory, punitive, and nominal damages, declaratory and injunctive relief, and any other relief this Court deems just and proper.

## JURISDICTION

7.      Jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1331 and 1343, as this action seeks redress for the violation of Plaintiffs' constitutional and civil rights.

8.      Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

9.      Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to

the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

**VENUE**

10.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because the events giving rise to this action occurred in Queens, New York, within the jurisdiction of the Eastern District of New York. Additionally, Plaintiff resides in Queens, New York, further establishing proper venue in this District.

**NOTICE OF CLAIM**

11.     Plaintiff timely served a Notice of Claim upon Defendant CITY and has complied with all conditions precedent to commencing this action under state law.

12.     Plaintiff's Notice of Claim detailed the nature of the claims, the date, time, location, and manner in which they arose, and was duly served upon the Comptroller of the City of New York on June 24, 2024.

13.     Plaintiff complied with the requirements of New York General Municipal Law § 50-h, including appearing for the required oral examination.

14.     More than thirty (30) days have elapsed since Plaintiff served the Notice of Claim, and Defendants have failed, neglected, or refused to adjust or satisfy Plaintiff's claims.

15.     This action is timely commenced within one year and ninety days from the date the cause of action arose, as required by New York General Municipal Law § 50-i.

**PARTIES**

**A.    Plaintiff Charles Saldarriaga**

16.    Plaintiff Charles Saldarriaga is a citizen of the United States and a resident of Queens, New York. Plaintiff is a 37-year-old Hispanic male who, at all relevant times, resided in Queens County, New York. Plaintiff brings this action seeking redress for the unlawful traffic stop, false arrest, malicious prosecution, and related constitutional violations committed by the Defendants.

17.    Plaintiff was wrongfully detained, handcuffed, transported, and subjected to a baseless prosecution on or about March 27, 2024, all without probable cause or legal justification. As a direct result of the Defendants'unlawful conduct, Plaintiff suffered severe emotional distress, reputational harm, financial loss, and a serious medical episode while in NYPD custody that required hospitalization.

**B.    Defendant City of New York ("CITY")**

18.    Defendant City of New York ("CITY") is a municipal corporation organized and existing under the laws of the State of New York.

19.    The CITY is responsible for governing, administering, and overseeing the NYPD and its officers.

20.    At all relevant times, Defendant CITY was responsible for hiring, training, supervising, and disciplining the NYPD's officers, including Defendants Sergeant William J. Planeta and Detective BOLGER.

21.    The CITY, through its failure to train and supervise officers, maintained customs, policies, and practices that allowed for the continued violations of constitutional rights, including racial profiling, false arrests, malicious prosecutions, and improper vehicle seizures.

22.    The CITY had knowledge of Defendant PLANETA's documented history of racial discrimination and misconduct but failed to remove him from his position, thereby permitting his unconstitutional conduct to continue.

**C.    Defendant Sergeant William J. Planeta ("PLANETA")**

23.    Defendant PLANETA is a sworn New York City law enforcement officer who, at all relevant times, was employed by the CITY as a Sergeant Detective Squad member.

24.    Defendant PLANETA was assigned to the Detective Bureau Financial Crimes Task Force and acted under color of law and within the scope of his employment when he unlawfully stopped, arrested, and transported Plaintiff without probable cause.

25.    Defendant PLANETA has a documented history of misconduct, racial discrimination, and abuse of power, including prior lawsuits alleging similar unconstitutional conduct.

26.    Defendant PLANETA personally seized and drove Plaintiff's vehicle without following standard impound procedures, constituting unlawful seizure and conversion of property.

27.    Defendant PLANETA is sued in his individual and official capacities.

**D.    Defendant Detective Bolger ("BOLGER")**

28.    Defendant BOLGER is a sworn law enforcement officer who, at all relevant times, was employed by the CITY as a Detective.

29.    Defendant BOLGER knowingly participated in Plaintiff's unlawful detention and malicious prosecution, despite the lack of probable cause or evidence to support the criminal charges.

30.    Defendant BOLGER was listed as the arresting officer, despite the fact that Defendant PLANETA orchestrated the stop, seizure, and transport of Plaintiff.

31.    Defendant BOLGER also failed to intervene when Plaintiff was being falsely arrested and prosecuted, making him liable for constitutional violations.

32.    Defendant BOLGER is sued in his individual and official capacities.

**E.    Defendants Detective Leonardo Moscoso ("MOSCOSO") and Officer Mohammad F. Hossain ("HOSSAIN")**

33.    Defendants MOSCOSO and HOSSAIN are officers employed by the CITY, who, upon information and belief, assisted in or failed to intervene in Plaintiff's unlawful arrest, detention, and prosecution.

34.    These officers witnessed Plaintiff's constitutional rights being violated and took no action to prevent or correct the misconduct.

35.    Defendants MOSCOSO and HOSSAIN are sued in their individual and official capacities.

### STATEMENT OF FACTS

**A. Unlawful Stop and Detention**

36.    On or about March 27, 2024, at approximately 1:45 p.m., Plaintiff Charles Saldarriaga was lawfully parked at 28-31 Steinway Street, Astoria, Queens, waiting for a friend.

37.    Plaintiff's vehicle was legally parked in a public area, and at no time was he engaged in any illegal activity. While Plaintiff was stationary, an unmarked vehicle approached from behind and activated flashing red and white lights.

38.    Defendant PLANETA exited the unmarked vehicle and approached Plaintiff's driver-side window. Defendant PLANETA was not in uniform, did not wear a body camera, and displayed no visible NYPD identification or insignia.

39.    Without identifying himself or providing a reason for the stop, Defendant PLANETA demanded Plaintiff's driver's license, vehicle registration, and proof of insurance.

40.    Concerned for his safety and uncertain of Defendant PLANETA's identity, Plaintiff called 911 at least seven (7) times, requesting the presence of a uniformed officer to verify the legitimacy of the encounter.

41.    Defendants MOSCOSO and HOSSAIN, upon arrival, stated they had never met or interacted with Defendant PLANETA before, further raising Plaintiff's suspicions about the legitimacy of the stop and detention.

**B. False Arrest Without Probable Cause**

42.    Upon arrival, uniformed NYPD officers assessed the situation but did not provide Plaintiff with any explanation for the stop. Defendant PLANETA, visibly agitated, ordered Plaintiff to exit his vehicle without justification.

43.    Plaintiff complied with Defendant PLANETA's order, at which point Defendant PLANETA placed Plaintiff in handcuffs without stating the reason for his detention. At no point was Plaintiff informed of any criminal charges or read his Miranda rights.

44.     While Plaintiff was handcuffed and placed inside a patrol vehicle, Defendant PLANETA asked Plaintiff's friend—who lacked a valid driver's license—if he could move the vehicle.

45.     Instead of following standard NYPD impound procedures, Defendant PLANETA parked his unmarked vehicle on a side street and personally drove away in Plaintiff's company vehicle without any legal justification or official authorization.

46.     Plaintiff was then transported to the 114th Precinct, where he was held for several hours without any explanation for his arrest.

47.     At the precinct, several officers appeared confused about why Plaintiff was being detained. Their demeanor suggested skepticism regarding the legitimacy of the arrest.

48.     Hours later, Plaintiff was informed that Detective BOLGER was listed as the arresting officer, despite Defendant PLANETA being the one who initiated, conducted, and orchestrated the stop, arrest, and vehicle seizure.

49.     Detective BOLGER entered the holding cell to interrogate Plaintiff but failed to read him his Miranda rights.

50.     When Plaintiff asked about whether his vehicle was being searched, Detective BOLGER refused to answer.

51.     Defendant PLANETA requested that 114th Precinct officers transport Plaintiff to central booking, but the officers refused.

52.     Instead, Defendant PLANETA personally transported Plaintiff in his unmarked vehicle to central booking, further deviating from standard NYPD procedure.

53.     While in central booking, Plaintiff suffered a medical episode, including severe palpitations and shortness of breath.

54.    Plaintiff was taken to Mount Sinai Hospital, where he underwent an EKG and bloodwork before being medically cleared and transported back to central booking.

## C. Malicious Prosecution Based on False Charges

55.    On or about March 28, 2024, at arraignment, Plaintiff was formally charged with possession of a forged instrument in the third degree under New York Penal Law § 170.20, based on an allegation that his license plates were counterfeit.

56.    Plaintiff provided valid documentation from the New York State Department of Motor Vehicles (DMV) proving that his plates were legally issued and registered to his vehicle.

57.    Plaintiff also had a valid receipt from the DMV confirming the legality of the plates, yet Defendants ignored this exonerating evidence.

58.    At arraignment, the charge was reduced to a misdemeanor, and Plaintiff was offered a plea deal, which he declined.

59.    Plaintiff was forced to retain paid defense legal counsel, which imposed a significant financial burden on him as he fought the baseless charges.

60.    After months of legal proceedings, the case was ultimately dismissed pursuant to CPL § 30.30 due to the prosecution's failure to meet statutory discovery obligations.

61.    The continued prosecution of Plaintiff was deemed improper, and the case was dismissed.

## D. Emotional and Financial Harm

62.    Upon release, Plaintiff discovered substantial damage to his vehicle.

63.    Plaintiff attempted to file a complaint at the 114th Precinct, but officers refused to take his complaint and directed him to file with the Civilian Complaint Review Board (CCRB) or visit the 33rd Precinct.

64.    At the 33rd Precinct, officers again refused to take his complaint and instructed him to report the issue to CCRB, thereby denying Plaintiff an official report regarding the damage to his vehicle.

65.    As a direct result of Defendants 'unlawful stop, false arrest, and malicious prosecution, Plaintiff experienced significant emotional distress, including: (a) recurring nightmares related to the arrest, (b) anxiety and fear of future police encounters, (c) extreme stress and emotional exhaustion, and (d) mental anguish exacerbated by the recent passing of his five-year-old son.

66.    Plaintiff also suffered substantial financial losses, including but not limited to: (a) legal fees incurred in defending himself against the false charges, (b) vehicle damage sustained while the car was in NYPD custody, and (c) additional expenses related to his wrongful arrest and prosecution.

67.    The emotional, psychological, and financial impact of Defendants 'actions continues to affect Plaintiff, causing ongoing distress and financial hardship.

**E.    Pattern of Discrimination by PLANETA**

68.    Defendant PLANETA has a well-documented history of discriminatory conduct against minority individuals, including fellow NYPD officers.

69.    In <u>Goris v. City of New York et al.</u>, No. 1:08-cv-04186 (E.D.N.Y. 2018) (consolidated with Baez and Marte), Defendant PLANETA was accused of racial discrimination against minority NYPD officers, including: (a) forcing Hispanic officers into dangerous undercover assignments, (b) making racist remarks about Black, Hispanic, and Asian individuals, and (c) engaging in retaliatory conduct against minority officers who reported his misconduct.

70.    Defendant PLANETA has a well-documented history of making racist and derogatory remarks, including: (a) referring to Black individuals as "n*s", (b) suggesting that "all Chinese should be put in front of tanks", and (c) engaging in other racially offensive and discriminatory behavior.

71.    Defendant PLANETA also engaged in retaliatory conduct against fellow NYPD officers, including: (a) interfering with promotions of minority officers, (b) issuing negative performance evaluations in retaliation for complaints, and (c) using his position to target individuals based on their race or ethnicity.

72.    Despite multiple complaints against Defendant PLANETA, the CITY failed to take disciplinary action or remove him from his position, allowing his discriminatory behavior to continue unchecked.

73.    Given this history of racial discrimination and misconduct, Defendant PLANETA's treatment of Plaintiff was not an isolated incident, but part of a larger pattern of systemic abuse and racial bias within the NYPD.

74.    The CITY and NYPD were aware of Defendant PLANETA's history of misconduct but failed to remove, discipline, or properly supervise him, thus permitting and condoning his unconstitutional actions.

75.    Defendant PLANETA's discriminatory conduct in this case is consistent with his prior history of racial profiling, targeting minorities, and abusing his authority as a law enforcement officer.

76.    Plaintiff's wrongful stop, arrest, and prosecution are part of a broader pattern of discrimination within the NYPD, facilitated by the CITY's failure to implement necessary reforms and oversight mechanisms.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### False Arrest and Unlawful Detention Under 42 U.S.C. § 1983
*(Against Defendants Planeta and Bolger, in their individual and official capacities)*

77.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

78.    Under 42 U.S.C. § 1983, false arrest and unlawful detention constitute violations of the Fourth Amendment, which protects individuals from unreasonable seizures without probable cause.

79.    Defendants arrested and detained Plaintiff without probable cause or legal justification, thereby violating his constitutional rights.

80.    Defendant PLANETA, acting under color of state law, unlawfully stopped Plaintiff's vehicle, ordered him out, and placed him in handcuffs despite the absence of any reasonable suspicion or warrant.

81.    Plaintiff was never informed of the charges against him, nor was he provided with a warrant or lawful explanation for his arrest and detention.

82.    Defendant BOLGER was falsely listed as the arresting officer, despite not being present at the scene, further demonstrating deliberate fabrication and procedural misconduct.

83.    As a direct and proximate result of Defendants 'actions, Plaintiff suffered: (a) emotional distress and psychological trauma; (b) reputational harm and public humiliation; (c) financial losses, including legal fees and lost wages; and (d) a medical episode requiring hospitalization.

84.    Defendants 'conduct was intentional, reckless, and in clear violation of Plaintiff's constitutional rights, entitling Plaintiff to compensatory and punitive damages.

### SECOND CAUSE OF ACTION
### Equal Protection Violation - Racial Discrimination Under 42 U.S.C. § 1983
*(Against Defendant Planeta, in his individual and official capacities)*

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

86.     The Equal Protection Clause of the Fourteenth Amendment prohibits law enforcement officers from engaging in racially discriminatory policing practices, including racial profiling, selective enforcement, and differential treatment based on race and ethnicity.

87.     Defendant PLANETA and other officers acting under color of state law unlawfully stopped, detained, handcuffed, and arrested Plaintiff without probable cause, and their actions were racially motivated and carried out with deliberate indifference to Plaintiff's constitutional rights.

88.     Plaintiff, a Hispanic male, was subjected to heightened suspicion, an unjustified traffic stop, and wrongful arrest—despite his full compliance and the absence of any legitimate basis for his detention.

89.     Defendant PLANETA has a documented history of racial discrimination and targeting individuals under false pretenses, as evidenced in Mbabuike v. City of New York, et al., Index No. 153318/2020 (Sup. Ct. N.Y. Cnty.), where he falsely arrested a Black motorist based on unsubstantiated claims about his license plates.

90.     Defendants 'racial bias is further demonstrated by their refusal to acknowledge Plaintiff's valid proof of ownership, failure to conduct a proper verification process, and immediate escalation of the encounter to an unlawful arrest.

91.     Similarly situated individuals outside of Plaintiff's racial and ethnic background would not have been subjected to the same level of scrutiny, hostility, and deprivation of liberty,

confirming that Defendants 'actions were discriminatory and in violation of Plaintiff's right to equal protection under the law.

92.     Defendant CITY has maintained policies and customs that tolerate and encourage racial profiling, selective enforcement, and discriminatory policing practices, thereby failing to properly train, supervise, and discipline officers engaging in such misconduct.

93.     As a direct and proximate result of Defendants 'unlawful and racially discriminatory actions, Plaintiff suffered: (a) deprivation of liberty, including wrongful detention and prosecution; (b) severe emotional distress, humiliation, and psychological trauma; and (c) reputational harm and financial hardship resulting from his wrongful arrest and prosecution.

94.     Defendant's actions were deliberate, intentional, and in clear violation of Plaintiff's constitutional rights, entitling Plaintiff to compensatory and punitive damages.

### THIRD CAUSE OF ACTION
### Malicious Prosecution Under 42 U.S.C. § 1983
*(Against Defendants Planeta and Bolger, in their individual and official capacities)*

95.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

96.     Under 42 U.S.C. § 1983, a claim for malicious prosecution arises when law enforcement officers initiate or continue a criminal prosecution without probable cause, with malice, and in violation of the Fourth Amendment.

97.     Defendants knowingly and wrongfully initiated and continued the criminal prosecution of Plaintiff, despite the absence of probable cause and the presence of exculpatory evidence.

98.    The charge against Plaintiff—possession of a forged instrument in the third

degree—was based on false and unsubstantiated allegations that his license plates were

counterfeit, despite: (a) Plaintiff's valid DMV documentation confirming the plates were lawfully

issued; (b) a valid receipt from the New York State Department of Motor Vehicles proving their

authenticity; and (c) Defendants 'failure to conduct a legitimate verification process before

initiating charges.

99.    The criminal proceedings against Plaintiff were ultimately terminated in his favor

when the charge was dismissed pursuant to CPL § 30.30, confirming the baseless nature of the

prosecution.

100.    Defendants acted with actual malice, continuing Plaintiff's prosecution without

any legal or factual basis, using the criminal process to justify Plaintiff's false arrest and prolong

his deprivation of liberty.

101.    As a direct and proximate result of Defendants' malicious prosecution, Plaintiff

suffered: (a) unlawful deprivation of liberty beyond the initial arrest, including pretrial

proceedings and legal constraints; (b) financial losses, including legal fees and costs incurred in

defending against the wrongful charges; (c) severe emotional distress, psychological trauma, and

reputational harm, stemming from the unjustified prosecution; and (d) a prolonged burden of

facing unfounded criminal allegations, impacting his personal and professional life.

102.    Defendants' intentional and unconstitutional actions violated Plaintiff's Fourth

Amendment rights and were carried out under color of state law, entitling Plaintiff to

compensatory and punitive damages.

### FOURTH CAUSE OF ACTION
### Unlawful Seizure of Property Under 42 U.S.C. § 1983
*(Against Defendant Planeta in his individual capacity and the CITY for Respondeat Superior)*

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

104.    The Fourth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, prohibits law enforcement officers from unreasonably searching or seizing property without a warrant, probable cause, or legal justification.

105.    Under 42 U.S.C. § 1983, a government official violates the Fourth Amendment when they seize a person's property without legal authority, justification, or proper due process.

106.    Defendant PLANETA, acting under color of state law, unlawfully seized Plaintiff's vehicle without probable cause, a warrant, or legal justification, in violation of the Fourth Amendment.

107.    Instead of following standard impound procedures, Defendant PLANETA personally drove Plaintiff's vehicle away and took control of it, depriving Plaintiff of his property without due process or notice.

108.    Plaintiff's vehicle was subsequently damaged while in Defendants 'custody, and Defendants refused to document or investigate the damage, further violating Plaintiff's property rights.

109.    Defendant PLANETA's actions constituted an unlawful and unreasonable seizure of Plaintiff's personal property, resulting in: (a) loss of use and possession of his vehicle; (b) financial losses associated with alternative transportation and vehicle repair costs; and (c) emotional distress and frustration caused by the unlawful deprivation of property.

110.    Defendants acted intentionally, recklessly, and with deliberate indifference to Plaintiff's constitutional rights.

111.    As a direct and proximate result of Defendants unconstitutional actions, Plaintiff suffered economic, emotional, and property-related damages, entitling him to compensatory and punitive damages under 42 U.S.C. § 1983.

**FIFTH CAUSE OF ACTION**
**Monell Liability - Municipal Liability Under 42 U.S.C. § 1983**
*(Against Defendants CITY)*

112.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

113.    At all relevant times, Defendant CITY, acting through its agency, the NYPD, developed, implemented, enforced, and sanctioned de facto policies, practices, and customs that exhibited deliberate indifference to the constitutional rights of individuals, including Plaintiff.

114.    Defendant CITY, through the NYPD, failed to adequately train, supervise, and discipline its officers, including Defendant PLANETA, thereby encouraging and permitting constitutional violations to occur. The CITY's failure to take corrective action reflects a pattern of deliberate indifference toward police misconduct.

115.    Defendant CITY maintained policies and customs that allowed and tolerated unlawful detentions, excessive force, false arrests, and wrongful prosecutions without probable cause or legal justification. These unconstitutional practices include: (a) failure to properly train officers regarding constitutional limits on stops, detentions, arrests, and the seizure of personal property; (b) failure to supervise and discipline officers engaged in misconduct, including Defendant PLANETA, despite his documented history of unlawful policing; (c) failure to investigate complaints of police misconduct and impose disciplinary action on officers responsible for constitutional violations; and (d) encouraging or acquiescing in officers 'use of

unlawful tactics, including false arrests, coercion, racial profiling, and improper seizures of property.

116.    The constitutional violations suffered by Plaintiff—including false arrest, unlawful detention, malicious prosecution, denial of due process, and the improper seizure and damage of his vehicle—were the direct result of these unlawful policies and customs.

117.    Defendant CITY had actual and constructive knowledge of these unconstitutional practices, as demonstrated by prior lawsuits, complaints, and internal reports detailing systemic misconduct within the NYPD. Despite this knowledge, the CITY failed to take corrective action, demonstrating deliberate indifference to the rights of individuals, including Plaintiff.

118.    As a direct and proximate result of Defendant CITY's unconstitutional policies, practices, and customs, Plaintiff suffered: (a) violations of his Fourth and Fourteenth Amendment rights; (b) severe emotional and psychological distress; (c) humiliation, public embarrassment, and reputational harm; and (d) economic harm, including legal expenses and property damage.

119.    Defendant CITY's deliberate indifference to systemic constitutional violations within its police force was the moving force behind Plaintiff's injuries, entitling him to compensatory damages for his suffering and punitive damages to deter future violations.

### SIXTH CAUSE OF ACTION
### Abuse of Process Under 42 U.S.C. § 1983
*(Against Defendants Planeta and Bolger, in their individual and official capacities)*

120.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

121.    Under 42 U.S.C. § 1983, an abuse of process claim arises when a government official misuses legal procedures for an improper purpose, beyond their legitimate function, in violation of the Fourth and Fourteenth Amendments.

122.    Defendant PLANETA, acting under color of state law, unlawfully stopped, detained, and arrested Plaintiff without probable cause, then initiated legal proceedings against him based on fabricated charges.

123.    Defendant BOLGER falsely listed himself as the arresting officer despite not being present at the scene, misrepresenting key facts in official records to legitimize Plaintiff's wrongful prosecution.

124.    Defendants misused the criminal justice process for an improper purpose, including: (a) attempting to justify Plaintiff's unlawful arrest through a fabricated charge of possession of a forged instrument in the third degree; (b) ignoring exculpatory evidence, including Plaintiff's valid DMV documentation proving his license plates were legally issued; and (c) deliberately continuing the prosecution despite knowing that no crime had been committed.

125.    The criminal proceeding against Plaintiff was ultimately dismissed under CPL § 30.30, confirming that the prosecution was baseless and legally unsustainable.

126.    Defendants 'actions constitute an abuse of process, as they intentionally misused legal procedures to cover up an unlawful arrest and to harass and intimidate Plaintiff, rather than to serve the interests of justice.

127.    As a direct and proximate result of Defendants 'abuse of process, Plaintiff suffered: (a) unjustified deprivation of liberty beyond his initial seizure; (b) severe emotional

distress, humiliation, and reputational harm; and (c) financial losses, including legal expenses incurred in defending against the wrongful charges.

128. Defendants acted with deliberate indifference, malice, and intent to misuse the legal system, entitling Plaintiff to compensatory and punitive damages under 42 U.S.C. § 1983.

## SEVENTH CAUSE OF ACTION
### Title VI of the Civil Rights Act Under 42 U.S.C. § 2000d - Racial Discrimination
*(Against Defendant CITY)*

129. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

130. Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, prohibits recipients of federal funds from discriminating against individuals on the basis of race, color, or national origin in any program or activity receiving federal financial assistance.

131. Defendant CITY is a recipient of federal funding for law enforcement programs and services, including but not limited to grants allocated to the New York City Police Department (NYPD) for policing, training, and community safety initiatives.

132. Plaintiff, a Hispanic male, was unlawfully stopped, detained, arrested, and maliciously prosecuted based on his race and ethnicity, in violation of Title VI.

133. Defendant PLANETA targeted Plaintiff based on racial profiling, subjecting him to a baseless traffic stop, unlawful detention, and wrongful criminal charges without any legitimate basis.

134. Defendant CITY, through its law enforcement policies, practices, and customs, permitted and tolerated racial discrimination in policing, including: (a) selective enforcement of the law against racial minorities, including unjustified stops, searches, and arrests; (b) failure to adequately train officers to prevent racial profiling and discrimination; (c) failure to supervise

and discipline officers engaged in racial discrimination and misconduct; and (d) a pattern and practice of ignoring complaints and lawsuits alleging racial bias in police interactions.

135.    Defendant CITY's deliberate indifference to racial discrimination within its law enforcement operations fostered an environment in which officers, including Defendant PLANETA, engaged in racially motivated policing without consequence.

136.    As a direct and proximate result of Defendant CITY's violations of Title VI, Plaintiff suffered: (a) unlawful deprivation of liberty and due process; (b) severe emotional distress, humiliation, and psychological trauma; (c) reputational harm caused by the wrongful arrest and prosecution; and (d) financial losses, including legal fees and expenses incurred in defending against a baseless prosecution.

137.    Defendant CITY's failure to prevent racial discrimination in law enforcement violated Title VI, entitling Plaintiff to injunctive relief, compensatory damages, and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### Failure to intervene Under 42 U.S.C. § 1983
*(Against Moscoso and Hossain, in their individual and official capacities)*

138.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

139.    Under 42 U.S.C. § 1983, law enforcement officers have a constitutional duty to intervene when they witness another officer violating an individual's constitutional rights.

140.    A failure to intervene claim under § 1983 requires Plaintiff to show that: (a) a constitutional violation was committed by another officer; (b) the defendant officer observed or had reason to know of the violation; (c) the defendant officer had a realistic opportunity to

intervene to prevent the harm; and (d) the defendant officer failed to take any action to stop the violation.

141.    Defendants MOSCOSO and HOSSAIN were present at the scene and witnessed Defendant PLANETA unlawfully stop, detain, and arrest Plaintiff without probable cause, yet they failed to intervene to prevent these violations.

142.    Despite having a clear opportunity to prevent or mitigate the constitutional violations, Defendants MOSCOSO and HOSSAIN took no steps to protect Plaintiff from false arrest, unlawful detention, racial profiling, or the improper seizure of his vehicle.

143.    Defendants MOSCOSO and HOSSAIN had a duty under the Fourth and Fourteenth Amendments to prevent the wrongful actions of Defendant PLANETA, but instead, they: (a) allowed Plaintiff to be unlawfully arrested and handcuffed without probable cause; (b) failed to object or intervene when Plaintiff was detained for hours without justification; (c) did not stop the improper seizure of Plaintiff's vehicle; and (d) failed to report or take corrective action regarding Defendant PLANETA's unconstitutional conduct.

144.    Defendant's failure to intervene was not due to inability or lack of awareness, but rather deliberate indifference to Plaintiff's constitutional rights.

145.    As a direct and proximate result of Defendants 'failure to intervene, Plaintiff suffered: (a) Unlawful deprivation of liberty, including wrongful arrest and detention; (b) Severe emotional distress, humiliation, and psychological harm; (c) Financial losses due to legal expenses and damage to his vehicle; and (d) Fear and distrust of law enforcement due to Defendants 'inaction.

146.    Defendants MOSCOSO and HOSSAIN had the power and duty to prevent the constitutional violations but failed to do so, making them liable under § 1983.

147.    Plaintiff is entitled to compensatory and punitive damages for the harm caused by Defendants 'failure to intervene, as well as injunctive relief to prevent future violations.

## NINTH CAUSE OF ACTION
## False Arrest/False Imprisonment Under New York State Law
*(Against Defendants Planeta and Bolger, in their individual and official capacities)*

148.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

149.    Defendants intentionally and unlawfully detained Plaintiff without probable cause, restraining his liberty through arrest and confinement.

150.    Plaintiff was held in custody for several hours without justification, and Defendants failed to provide any legal basis for his arrest.

151.    Defendants acted knowingly and willfully, violating Plaintiff's right to be free from unlawful detention.

152.    As a direct and proximate result of Defendants 'actions, Plaintiff suffered: (a) emotional distress, humiliation, and reputational harm; (b) financial hardship, including legal expenses and lost wages; and (c) psychological trauma caused by the wrongful detention.

153.    Defendant's conduct was unreasonable, arbitrary, and without lawful justification, entitling Plaintiff to compensatory and punitive damages.

## TENTH CAUSE OF ACTION
## Malicious Prosecution Under New York State Law
*(Against Defendant Bolger and Planeta, in his individual and official capacities)*

154.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

155.    Under New York law, a claim for malicious prosecution requires that: (a) a criminal proceeding was initiated or continued by the defendant; (b) the proceeding was

terminated in favor of the plaintiff; (c) there was no probable cause for the prosecution; and (d) the prosecution was motivated by malice.

156.    Defendants knowingly and wrongfully participated in instituting and continuing criminal charges against Plaintiff without probable cause.

157.    The charge was based on false and unsupported allegations, despite readily available exculpatory evidence.

158.    The case was ultimately dismissed, confirming the lack of legal or factual basis for the prosecution.

159.    Defendants acted maliciously and in bad faith, using the criminal process to justify Plaintiff's unlawful arrest and detention.

160.    As a direct and proximate result of Defendants' actions, Plaintiff suffered: (a) financial losses, including legal fees and expenses incurred in defending against the wrongful charges; (b) severe emotional distress and psychological harm, including anxiety, reputational damage, and humiliation.

161.    Defendants' conduct were intentional, reckless, and unjustifiable, entitling Plaintiff to compensatory and punitive damages.

### ELEVENTH CAUSE OF ACTION
### <u>Respondeat Superior Liability Under New York State Law</u>
*(Against Defendant CITY)*

162.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

163.    Under New York common law, an employer is vicariously liable for the wrongful acts of its employees when such acts are committed within the scope of their employment and in furtherance of the employer's interests.

164.    Defendants PLANETA and BOLGER were acting within the scope of their official duties as police officers employed by the City of New York when they: (a) falsely arrested Plaintiff without probable cause, unlawfully detaining him for hours; (b) maliciously prosecuted Plaintiff despite clear exculpatory evidence, leading to financial and reputational harm; (c) unlawfully seized and converted Plaintiff's vehicle, violating his property rights; and (d) failed to intervene in ongoing constitutional violations, thereby exacerbating the harm suffered by Plaintiff.

165.    At all relevant times, Defendants were performing police functions on behalf of the CITY, and their actions were undertaken under the color of law and within the scope of their employment as officers of the NYPD.

166.    The CITY is vicariously liable for these unlawful actions because it: (a) hired, trained, and retained Defendants despite their history of misconduct; (b) failed to implement proper safeguards, disciplinary policies, and oversight mechanisms to prevent its officers from violating the rights of civilians; and (c) created a culture of impunity, where officers like Defendant PLANETA were permitted to engage in racial profiling, false arrests, and property seizures without accountability.

167.    As a direct and proximate result of Defendants' actions, for which the CITY is legally responsible, Plaintiff suffered: (a) unlawful deprivation of liberty, causing emotional trauma and distress; (b) severe financial harm, including legal fees, lost wages, and repair costs for his damaged vehicle; and (c) reputational damage, causing harm to his personal and professional life.

168.    Defendant CITY is liable under the doctrine of respondeat superior for all compensatory and punitive damages arising from the wrongful acts of Defendants PLANETA,

BOLGER, MOSCOSO, and HOSSAIN, who were acting within the scope of their employment

when they violated Plaintiff's rights.

## TWELFTH CAUSE OF ACTION
### Unlawful Seizure and Conversion of Property Under New York State Law
*(Against Defendant Planeta in his individual capacity and the CITY for Respondeat Superior)*

169.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

the preceding paragraphs as if fully set forth herein.

170.    Defendant PLANETA, acting under color of state law and within the scope of his

employment, unlawfully seized and took control of Plaintiff's vehicle without probable cause,

lawful justification, or adherence to standard impound procedures, violating both New York state

property laws and Plaintiff's Fourth and Fourteenth Amendment rights.

171.    Instead of following proper impound procedures, Defendant PLANETA

personally drove Plaintiff's vehicle away and retained control over it, thereby wrongfully

interfering with Plaintiff's property rights and ownership interest.

172.    Plaintiff's vehicle was damaged while in PLANETA's custody, and when Plaintiff

attempted to file a complaint about the damage, officers refused to take a report or investigate the

matter, further demonstrating Defendants 'reckless disregard for Plaintiff's property rights.

173.    Defendant CITY is liable under respondeat superior because Defendant

PLANETA's unlawful seizure and conversion of Plaintiff's vehicle occurred within the scope of

his employment as a law enforcement officer.

174.    Defendant PLANETA's actions constituted an unlawful taking and conversion of property, depriving Plaintiff of his vehicle without due process or just compensation, in violation of: (a) the Fourth Amendment of the U.S. Constitution, (b) New York State property and conversion laws, and (c) the Due Process Clause of the Fourteenth Amendment.

175.    As a direct and foreseeable result of Defendants 'unlawful actions, Plaintiff suffered: (a) loss of use and possession of his vehicle, (b) property damage to his vehicle while in Defendants 'custody, (c) financial losses associated with alternative transportation and repair costs, and (d) emotional distress and frustration due to Defendants 'reckless disregard for his rights.

## THIRTEENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress Under New York State Law
*(Against All Defendants)*

176.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

177.    Defendants engaged in extreme, outrageous, and unconscionable conduct, intentionally and recklessly inflicting severe emotional distress upon Plaintiff. Defendants' conduct includes, but is not limited to: (a) falsely arresting Plaintiff without probable cause, detaining him for hours without justification; (b) maliciously prosecuting Plaintiff despite clear exculpatory evidence, knowingly charging him with a crime he did not commit; (c) unlawfully seizing and converting Plaintiff's vehicle, personally driving it away without following standard impound procedures; (d) failing to document or investigate damage to Plaintiff's vehicle, denying him the ability to file a complaint; (e) subjecting Plaintiff to inhumane and degrading treatment, including transporting him in an unmarked vehicle in violation of standard procedure;

and (f) causing Plaintiff to suffer a severe medical episode while in custody, failing to provide proper medical attention until he was transported to a hospital.

178.    Defendants acted with deliberate indifference to Plaintiff's well-being, knowing their conduct would cause significant distress. Their actions were carried out maliciously, willfully, and with the intent to intimidate, humiliate, and harm Plaintiff.

179.    The emotional harm inflicted on Plaintiff was further compounded by his recent loss of his five-year-old son, intensifying the psychological trauma resulting from Defendants' unlawful conduct.

180.    As a direct and proximate result of Defendants 'actions, Plaintiff has suffered: (a) severe emotional distress, including extreme anxiety, humiliation, and mental anguish; (b) recurring nightmares and post-traumatic stress, reliving the fear of his wrongful arrest and mistreatment; (c) profound fear and distrust of law enforcement, causing ongoing psychological trauma; and (d) public humiliation and reputational damage, affecting his personal and professional life.

181.    Defendants' intentional and reckless disregard for Plaintiff's rights and emotional well-being caused lasting psychological and emotional harm, entitling him to compensatory and punitive damages.

## FOURTEENTH CAUSE OF ACTION
### Negligent Hiring, Training, and Retention Under New York State Law
*(Against Defendant CITY)*

182.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

183.    Defendant CITY had actual and constructive knowledge of Defendant PLANETA's extensive history of misconduct, racial discrimination, and abuse of authority but failed to take corrective action to prevent further violations.

184.    Defendant CITY failed to properly hire, train, supervise, discipline, or remove officers, including Defendant PLANETA, despite multiple complaints and lawsuits alleging racial discrimination, excessive force, and unconstitutional practices.

185.    The CITY's failure to investigate and address prior complaints against Defendant PLANETA demonstrates deliberate indifference to the constitutional rights of individuals, including Plaintiff.

186.    Had Defendant CITY properly trained and supervised Defendant PLANETA, Plaintiff would not have been unlawfully stopped, arrested, falsely charged, and subjected to an illegal vehicle seizure.

187.    The CITY's negligent hiring, training, supervision, and retention of officers with known histories of misconduct was a proximate cause of the violations of Plaintiff's constitutional and state law rights.

188.    As a direct and foreseeable result of Defendant CITY's failure to adequately supervise, train, and discipline its officers, Plaintiff suffered: (a) unlawful deprivation of liberty, (b) emotional distress, fear, and psychological trauma, (c) financial losses due to legal fees, wrongful prosecution, and property damage, and (d) a loss of trust in law enforcement due to systemic failures in accountability.

### FIFTEENTH CAUSE OF ACTION
### Abuse of Power Under New York State Law
*(Against Defendants Planeta and Bolger, in their individual and official capacities)*

189.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

190.    Defendants PLANETA and BOLGER, acting under color of law, initiated and continued legal proceedings against Plaintiff despite knowing the charges were false and unsupported by evidence.

191.    Defendants misused their positions as law enforcement officers to harass, intimidate, and deprive Plaintiff of his liberty, rather than to serve any legitimate law enforcement purpose, including: (a) Unlawfully stopping, detaining, and arresting Plaintiff without probable cause; (b) Knowingly initiating a baseless criminal prosecution despite clear exculpatory evidence; (c) Falsely listing Defendant BOLGER as the arresting officer to manipulate official records; and (d) Ignoring standard investigative procedures to ensure Plaintiff was wrongfully prosecuted.

192.    Defendants acted with malice and in bad faith, using their authority to retaliate against Plaintiff for asserting his rights, rather than upholding justice.

193.    As a direct and proximate result of Defendants 'abuse of power, Plaintiff suffered: (a) Unlawful deprivation of liberty and due process; (b) Severe emotional distress, humiliation, and psychological trauma; (c) Financial losses, including legal fees and lost wages; and (d) Damage to his reputation as a result of being wrongfully arrested and prosecuted.

194.    Defendants 'deliberate and reckless misuse of legal authority entitles Plaintiff to compensatory and punitive damages to deter similar misconduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Charles Saldarriaga respectfully requests that this Court enter judgment in his favor and against Defendants and granting the following relief:

A.  **Compensatory Damages**

1.  **Economic Damages**

    (a)  Compensation for lost wages and income, including financial losses suffered
         due to wrongful arrest, detention, and prosecution.

    (b)  Reimbursement for legal expenses and costs incurred in defending against the
         baseless criminal charges.

    (c)  Medical expenses, including hospital bills, EKG, bloodwork, and other
         necessary treatment resulting from Plaintiff's medical episode while in police
         custody.

    (d)  Reimbursement for property damage, including the costs to repair Plaintiff's
         vehicle that was damaged while unlawfully seized and in Defendants'
         custody.

    (e)  Costs associated with alternative transportation, due to the unlawful seizure
         and extended deprivation of Plaintiff's vehicle.

2.  **Non-Economic Damages**

    (a)  Pain and suffering, including physical distress, emotional anguish,
         humiliation, and reputational harm caused by Defendants' actions.

    (b)  Psychological trauma, including recurring nightmares, anxiety, and post-
         traumatic stress, resulting from the wrongful stop, arrest, and detention.

    (c)  Compensation for violations of Plaintiff's constitutional rights, including: (i)
         Fourth Amendment rights against unlawful seizure, false arrest, and illegal
         detention; (ii) Fourteenth Amendment rights against racial discrimination and

due process violations, and (iii) Property rights violations related to the unlawful seizure and conversion of his vehicle.

## B. Punitive Damages

1. Punitive damages against Defendants PLANETA and BOLGER, to punish their reckless, malicious, and intentional misconduct, and to deter future constitutional violations.

2. Punitive damages against Defendants MOSCOSO and HOSSAIN, to deter law enforcement officers from failing to intervene when witnessing unconstitutional conduct.

3. Punitive damages against the City of New York, for maintaining a pattern, practice, or policy that tolerates unconstitutional policing, racial discrimination, and unlawful seizures.

## C. Declaratory Relief

A judicial declaration that:

1. Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights under the U.S. Constitution.

2. Defendants' conduct constituted false arrest, malicious prosecution, and racial discrimination.

3. The City of New York has a pattern, practice, or policy of failing to discipline, supervise, and remove officers engaged in misconduct, resulting in repeated constitutional violations.

## D. Injunctive Relief

An injunction requiring the City of New York to implement and enforce policy changes to prevent future civil rights violations, including:

1.  Mandatory body camera use for all officers conducting traffic stops, detentions, and arrests.

2.  Comprehensive training programs on constitutional policing, racial profiling, and the legal requirements for stops, searches, and arrests.

3.  Independent oversight and disciplinary mechanisms for officers with a history of misconduct, including Defendant PLANETA, to prevent future abuse of power.

4.  Immediate removal and disciplinary action against officers who fail to intervene when witnessing unconstitutional behavior.

**E. Expungement of Records**

A court order directing the City of New York and NYPD to expunge all records related to Plaintiff's unlawful arrest, including:

1.  Arrest reports, police incident reports, and booking records associated with the March 27, 2024 arrest.

2.  Removal of any criminal record, reference, or notation in any law enforcement database.

3.  A formal letter of exoneration, acknowledging that Plaintiff was wrongfully arrested and prosecuted without probable cause.

**F. Litigation Costs and Fees**

Award of all costs associated with this litigation, including but not limited to:

1.  Filing fees, court costs, and expenses incurred in bringing this action.

2.  Service of process fees and deposition transcript costs.

3. Costs associated with expert witnesses and investigative services if necessary.

**G. Nominal Damages**

In the event that the Court does not find sufficient grounds for compensatory damages, Plaintiff requests an award of nominal damages of at least one dollar ($1.00) per violation, to affirm the violation of his constitutional rights.

**H. Other Relief**

Any other relief that the Court deems just, proper, and equitable under the circumstances.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to amend this Complaint as additional facts and evidence become available during their investigation and discovery, or to assert any additional claims for relief against Defendant or other parties as may be warranted under the circumstances and as allowed by law.

Dated: February 26, 2025
      Queens, New York

Respectfully submitted,

/s/ *Charles Saldarriaga*

Charles Saldarriaga
*Pro Se Plaintiff*
1-20 Astoria Blvd Apt 4H
Astoria, New York 11102
(929) 789-2220
Charlesny09@yahoo.com

To: **CITY OF NEW YORK**
LAW DEPARTMENT
c/o Corporation Counsel
100 Church Street
New York, NY 10007

**Sergeant Det. William J. Planeta**
Document Fraud Squad
NYPD 33rd Precinct
2207 Amsterdam Avenue Room 205
New York, NY, 10032

**Detective Eric Bolger**
Document Fraud Squad
NYPD 33rd Precinct
2207 Amsterdam Avenue Room 205
New York, NY, 10032

**Detective Leonardo Moscoso**
NYPD 114th Precinct
34-16 Astoria Blvd
Astoria, NY 11103

**Officer Mohammad F. Hossain**
NYPD 109th Precinct
37-05 Union Street
Flushing, NY 11354

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CHARLES SALDARRIAGA | THE CITY OF NEW YORK, NYPD SGT WILLIAM J. PLANETA, DET.ERIC BOLGER, DET. LEONARDO MOSCOSO, OFFICER MOHAMMAD F. HOSSAIN |

**(b)** County of Residence of First Listed Plaintiff ___QUEENS___
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ___NEW YORK___
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

PRO SE

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S. Code § 1983; 28 U.S. Code § 1331 and 1343

Brief description of cause:
false arrest, unlawful detention, malicious prosecution, racial discrimination, and unlawful seizure of property

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration    ☐

I, _____Charles Saldarriaga_____ , counsel for _____Plaintiff_____ , do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐    monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☑    the complaint seeks injunctive relief,

☐    the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

# NY-E DIVISION OF BUSINESS RULE 1(d)

1.)  Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?    ☐ Yes    ☑ No

2.)  If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?    ☐ Yes    ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?    ☑ Yes    ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received: _____ .

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? _____ ☐ Yes    ☑ No _____
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☐ Yes        ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes    (If yes, please explain    ☐ No

I certify the accuracy of all information provided above.

Signature:    /s/ CHARLES SALDARRIAGA _____

Last Modified: 11/27/2017