

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**JOSEPH ZANGRILLI**
*Senior Counsel*
Tel.: (212) 356-2657
Fax: (212) 356-3509
jzangril@law.nyc.gov

June 13, 2025

**VIA ECF**
Honorable James R. Cho
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Charles Saldarriaga v. City of New York, et al.,
                25-CV-1115 (RPK)(JRC)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney assigned to the defense in the above-referenced matter.[1] Defendants City of New York ("City"), Sergeant Detective William J. Planeta, and Detective Eric Bolger ("Defendants") write to respectfully request that the Court: (1) compel Plaintiff to execute a § 160.50 release by a date certain, upon pain of dismissal for failure to prosecute; and (2) adjourn Defendants' time to answer or otherwise respond to Plaintiff's Complaint from July 14, 2024, until 45 days after Plaintiff provides the City with a signed § 160.50 release.

      By way of background, *pro se* Plaintiff Charles Saldarriaga alleges, *inter alia*, that on March 27, 2024, he was falsely arrested and maliciously prosecuted by members of the New York City Police Department. (*See* ECF No. 1). Defendants have twice before moved to extend the time to answer or otherwise respond to Plaintiff's Complaint, the first of which was granted and the second of which was granted in part. (*See* ECF Nos. 8, 12). Pursuant to Your Honor's May 13, 2025 Order, Defendants are required to answer, move, or otherwise respond to Plaintiff's Complaint by July 14, 2025. (unnumbered ECF docket entry).

---

[1] This case is assigned to Assistant Corporation Counsel ("ACC") Michael Futral, who is presently awaiting admission to the Eastern District of New York and is handling this matter under my supervision. Mr. Futral may be reached directly at (212) 356 – 1643 or by email at mifutral@law.nyc.gov.

I.  **Efforts Taken to Obtain Plaintiff's § 160.50 Release.**

On April 9, 2025, this Office mailed Plaintiff a § 160.50 release seeking any sealed criminal records related to the underlying incident in this matter. Plaintiff did not respond to that request. On May 9, 2025, Plaintiff informed Mr. Futral that he had not executed the release and needed until May 16, 2025 to do. (*See* ECF No. 12). On May 20, 2025, when the release still had not been received, this Office sent Plaintiff another § 160.50 release for execution. On May 27, 2025, Plaintiff called Mr. Futral and told him that he had completed and mailed the § 160.50 release.

On June 5, 2025, Mr. Futral received Plaintiff's mailing, which consisted of two documents—neither of which were the § 160.50 release. The first document was a letter from Plaintiff stating that he is "not prepared to execute the broad release." (*See* Exhibit A at 1). The second document was an affidavit from Plaintiff setting forth six (6) facts relating to his March 27, 2024 arrest and prosecution. According to Plaintiff, this affidavit was in lieu of signing the release.

On June 6, 2025, Mr. Futral called Plaintiff and explained that the release is required to properly investigate and evaluate his claims, and that the affidavit was not an adequate substitute for a number of reasons. In response, Plaintiff stated he understood and asked Mr. Futral for the weekend to "think it over," to which Mr. Futral agreed. On June 9, 2025, Plaintiff called Mr. Futral and stated that he would not sign the § 160.50.[2]

II.  **Defendants' Request to Compel Plaintiff to Execute the § 160.50 Release.**

Defendants respectfully request the Court compel Plaintiff to execute the § 160.50 release for this litigation, under threat of dismissal of his claims for failure to prosecute. As this Court is aware, records regarding Plaintiff's prior arrest and incarcerations that resulted in dismissals, if any, are likely sealed pursuant to N.Y. Crim. Proc. Law § 160.50. As such, without a release for sealed arrest and criminal prosecution records, Defendants will be unable to obtain information regarding the underlying incident, or prior instances in which Plaintiff was arrested and incarcerated.

Here, as Plaintiff is asserting claims for false arrest and malicious prosecution, and seeking money damages and damages for mental anguish attendant upon his arrest and detainment, Defendants are entitled to Plaintiff's § 160.50 records so that they can fulfill their obligations under Rule 11 of the Federal Rules of Civil Procedure in defense of this suit. *See e.g., Murray v. N.Y.C. D.O.C.*, No. 21 Civ. 6718, 2023 U.S. Dist. LEXIS 52081, at *6 (S.D.N.Y. Mar. 27, 2023) ("Courts in this district have described the City's entitlement to secure the ... § 160.50 records of a prosecution so that it can fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure in connection with its preparation of an answer and later defense of the suit") (internal quotation marks omitted); *Lehman v. Kornblau*, 206 F.R.D. 345, 348 (E.D.N.Y. 2001) ("As a threshold matter, this court finds that the defendant is, generally, entitled to the 'official records

---

[2] In the June 9, 2025 call, Plaintiff communicated that he would not sign the release because he "does not agree to the terms of the form" and would, instead, like to personally obtain the records and provide those he deems relevant.

and papers' that were sealed pursuant to § 160.50, and they must be produced, subject to the additional rulings in this order regarding exceptions and privileges raised by the defendants."); *see also Weir v. City of New York*, No. 05 Civ. 9268 (DFE), 2007 U.S. Dist. LEXIS 98017, at *7-8 (S.D.N.Y. Feb. 16, 2007) ("I direct plaintiff to provide the New York City Law Department … with a signed and notarized release of his rights under New York Criminal Procedure Law Section 160.50"); *Cabble v. Rollieson*, No. 04 Civ. 9413 (FM), 2006 U.S. Dist. LEXIS 7385, at *28-29 (S.D.N.Y. Feb. 26, 2006) ("The motion to compel is therefore granted, and Cabble is directed to execute the Section 160.50 releases and return them to the Law Department."). Indeed, without Plaintiff's § 160.50 records, Defendants would be unable to know the facts and circumstances of Plaintiff's arrest and prosecution.

### III.     Defendants' Request for Adjournment of Time to Answer or Respond.

Defendants respectfully request the Court adjourn the time for Defendants to answer or otherwise respond to Plaintiff's Complaint from July 14, 2024, until 45 days after Plaintiff provides the City with a properly executed § 160.50 release.

Courts have consistently held that production of a § 160.50 release is not considered discovery, and should be produced prior to a defendant's answer where the plaintiff is challenging their underlying arrest. *See e.g., Cabble*, 2006 U.S. Dist. LEXIS 7385, at *24-25 (a request for a 160.50 release is not considered a discovery request, and merely grants the City access to its own records); *see also Green v. Montgomery*, 43 F. Supp. 2d 239, 244 (E.D.N.Y. 1999) (discussing implied waiver of confidentiality). Thus, to adequately defend this matter, access to the sealed documents relating to Plaintiff's underlying arrest are needed prior to Defendants' deadline to answer or otherwise respond to Plaintiff's Complaint.

Further, as a general matter, once a plaintiff provides a signed § 160.50 release to our office, it takes approximately thirty (30) days to receive the sealed records from the relevant entities. In addition to this processing time, time will also be required to review and evaluate the records once received. Thus, a forty-five (45) day adjournment is likely sufficient to ensure a meaningful opportunity to obtain and assess the relevant materials.

Accordingly, to prevent any further unnecessary delay of this litigation, Defendants respectfully request that the Court direct Plaintiff to provide a properly executed a § 160.50 release by a date certain, upon pain of dismissal for failure to prosecute, and adjourn Defendants' time to answer or respond to Plaintiff's Complaint from July 14, 2024, until 45 days after Plaintiff provides the City with the signed § 160.50 release.

Defendants thank the Court for its time and consideration herein.

Respectfully submitted,

*Joseph Zangrilli*  /s/
Joseph Zangrilli
*Senior Counsel*
Special Federal Litigation Division

3

Cc: **<u>VIA ECF & FIRST CLASS MAIL</u>**
Charles Saldarriaga
*Plaintiff Pro Se*
1-20 Astoria Blvd.
Apt. 4H
Astoria, NY 11102