Phone: (929) 789-2220           CHARLES SALDARRIAGA           1-20 Astoria Blvd Apt 4H
Charlesny09@yahoo.com           PLAINTIFF PRO SE              Astoria, New York 11102

*** Filed 11:25 AM, 25 Jun, 2025 U.S.D.C., Eastern District of New York ***

June 25, 2025

**VIA ECF**
Honorable James R. Cho
United Sates Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   **Re:**  <u>Charles Saldarriaga v. The City of New York, et al.,</u>
       No. 25-CV-1115 (RPK)(JRC)
       **Letter Motion for Protective Order**

Dear Judge Cho,

  I write pursuant to Fed. R. Civ. P. 26(c) and Local Civil Rule 37.2 of the Eastern District of New York to respectfully request a protective order relating to certain sealed arrest records. These records stem from my March 27, 2024 arrest, which was dismissed and sealed under N.Y. C.P.L. § 160.50. I have conferred in good faith with Defendants' counsel (recently on June 10, 2025, via email) in an effort to resolve this issue without court intervention, but we were unable to reach an agreement.[1]

  On March 27, 2024, I was arrested in New York City. The charges were later dismissed in my favor, and the records sealed under CPL § 160.50. This statute embodies New York's strong interest in protecting individuals from the stigma of dismissed criminal charges. See *Matter of Harper v. Angiolillo*, 89 N.Y.2d 761, 766 (1997). Federal courts have recognized the importance of comity in respecting such confidentiality laws. See *King v. Conde*, 121 F.R.D. 180, 195 (E.D.N.Y. 1988).

  On June 16, 2025 I filed a Designation of Agent with the Court, naming myself pursuant to C.P.L. § 160.50(1)(d). This reflects my good-faith effort to retrieve the sealed documents directly. I am not opposing disclosure of relevant information I only seek to review the records first to protect against disclosure of irrelevant or highly sensitive material, consistent with state privacy protections and federal discovery principles.

---

[1] Pursuant to FCRP 26(c)(1), I certify that I have in good faith conferred with opposing counsel in an effort to resolve the discovery dispute without court action.

**Relief Sought:** I respectfully request that the Court enter a protective order under Rule 26(c) setting conditions on the disclosure of the March 27, 2024 arrest records. Specifically, I ask that the order provide for the following:

1. **Plaintiff's Initial Inspection:** Permit me to obtain the sealed arrest records directly and review them before disclosure to Defendants. This recognizes my statutory right to access my own sealed records first. I will promptly produce any portions of the records that are relevant to the claims or defenses in this case within 14 days of receipt.

2. **Confidential Treatment:** Require that any records or information from the March 27, 2024 arrest file be treated as confidential, not to be filed publicly or disclosed beyond the litigants, unless the Court orders otherwise. Defendants would be barred from putting these records on the public docket or sharing them outside this litigation without prior Court approval. A protective order can ensure that disclosure is consistent with Rule 26(c).

3. **In Camera Review for Disputes:** In the event Defendants believe that any portion of the sealed records that I withhold or redact is relevant and should be disclosed, require that Defendants confer with me first, and if we cannot agree, they must seek in camera review by the Court. The Court can then privately inspect the disputed material to determine if it is truly relevant to this case and whether it should be unsealed or disclosed. This step will ensure that only material with a legitimate bearing on the case is revealed, and it prevents unnecessary exposure of irrelevant, sensitive details. It also provides a neutral procedure to resolve any relevance disputes fairly. Defendants may move via 3-page letter within 7 days of the meet-and-confer.

I believe this approach balances both sides' interests: it allows Defendants access to any information from the arrest file that is actually pertinent to the case, while upholding the privacy safeguards that New York law affords to sealed records. Notably, federal courts recognize that CPL §160.50 furthers "important privacy interests" and have expressed a "strong policy of comity" toward honoring state confidentiality privileges for sealed records, so long as doing so does not unduly hinder the needs of the federal case. Here, granting this protective order will not prejudice the defense. I am fully prepared to share all relevant facts from the record and it comes at no cost to the truth-finding process. It merely institutes an orderly method for handling highly personal information. In fact, courts in this Circuit often address privacy concerns by issuing protective orders rather than outright denying discovery. Rule 26(c) explicitly empowers the Court, for good cause, to protect a party from "annoyance, embarrassment, oppression, or undue burden" by ordering that confidential information "not be revealed or be revealed only in a

specified way." Given the sensitive and legally protected nature of the arrest record, I submit that good cause exists here for the modest protections I'm requesting.

**Good Faith and Cooperation:** I want to emphasize that I am acting in good faith and intend to cooperate fully with discovery. I have no objection to producing any and all materials from the March 27, 2024 incident that are relevant to the claims or defenses. My only aim is to carry out that production in a manner that respects my privacy and the law's protections for sealed records. I am taking the initiative to obtain the records myself (via the designation of agent) specifically so that I can promptly turn them over under the conditions proposed. I will, of course, provide Defendants with a copy of whatever is produced from the file, marked appropriately as "Confidential" per the protective order. If the Court wishes, I am also willing to furnish a privilege log or index describing any portions (if any) I believe should remain sealed for irrelevance or privilege, so that the process is transparent. Furthermore, if at any point the Court prefers to review the entire file in camera, I will readily make it available for the Court's inspection. My goal is transparency with the Court and fairness to the Defendants, without sacrificing the confidentiality that New York law grants to these records.

**Conclusion:** I respectfully ask the Court to (1) confirm my right to obtain and inspect the sealed March 27, 2024 arrest records first, (2) issue a protective order preventing public disclosure or use of those records outside this litigation without Court permission, and (3) establish an in-camera review procedure for any disagreements regarding relevance. This relief will ensure that discovery proceeds efficiently while safeguarding the privacy interests at stake.

Thank you for your attention to this request. If Your Honor requires any further information or has any questions, I am available at the Court's convenience.

Cc: **VIA ECF**
Joseph Zangrilli
*Senior Counsel*
Special Federal Litigation Division
The City of New York
LAW DEPARTMENT
100 Church Street
New York, NY 10007

Michael Futral
  *Assistant Corporation Counsel*

Respectfully,

**Charles Saldarriaga**
*Plaintiff, Pro Se*