*** Filed ***
09:34 AM, 24 Sep. 2025
U.S.D.C., Eastern District of New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

CHARLES SALDARRIAGA,

                                    Plaintiff,                    25-CV-01115 (RPK) (JRC)

            - against -                                           **FIRST AMENDED
                                                                  COMPLAINT**

THE CITY OF NEW YORK, Sergeant WILLIAM J.                         **JURY TRIAL
PLANETA (Shield No. 2571), Detective ERIC BOLGER                  DEMANDED**
(Shield No. 680), Detective LEONARDO MOSCOSO
(Shield No. 5917), and Police Officer MOHAMMAD F.
HOSSAIN (Shield No. 17007),

                                    Defendants.

------------------------------------------------------------------------X


            Plaintiff, CHARLES SALDARRIAGA, proceeding *pro se,* hereby files this Complaint

against Defendants, the City of New York (the "City"), Sergeant William J. Planeta ("Sgt.

Planeta"), Detective Eric Bolger ("Det. Bolger"), Detective Leonardo Moscoso ("Det. Moscoso"),

and Police Officer Mohammad F. Hossain ("P.O. Hossain") (collectively "Defendants"), and

alleges as follows:

                              **NATURE OF THE ACTION**

            1.      This is a civil rights action under 42 U.S.C. § 1983 arising from a March

27–28, 2024 stop, arrest, detention, prosecution, and vehicle seizure in Queens, New York.

Plaintiff asserts violations of the Fourth and Fourteenth Amendments for false arrest, malicious

prosecution, denial of a fair trial (fabrication/suppression), unreasonable seizure of property,

failure to intervene, and municipal liability (Monell).

## JURISDICTION AND VENUE

2.        Jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1331 and 1343, as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

3.        Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because the events giving rise to this action occurred in Queens, New York, within the jurisdiction of the Eastern District of New York. Additionally, Plaintiff resides in Queens, New York, further establishing proper venue in this District.

## PARTIES

### A.  Plaintiff Charles Saldarriaga

4.        Charles Saldarriaga is a United States citizen who resides in Queens County, New York.

5.        He brings this action under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights arising from a March 27–28, 2024 stop, arrest, detention, prosecution, and vehicle seizure in Queens.

6.        As a result of the conduct alleged herein, Plaintiff suffered loss of liberty, emotional distress, financial harm (including reasonable criminal-defense expenses), a stress-induced medical episode requiring hospital evaluation while in custody, and property damage/loss of use of a vehicle.

### B.  Defendant City of New York ("City")

7.        The City of New York (the "City") is a municipal corporation organized under the laws of the State of New York.

8.        The City acts through the New York City Police Department (NYPD) and is responsible for the policies, practices, training, supervision, and discipline of NYPD personnel.

9.     As alleged in the Monell claim below, the constitutional violations at issue were caused by City policies/customs and/or deliberate indifference in training and supervision concerning: (a) pre-arrest DMV/e-Justice verification for suspected forged/counterfeit plates; (b) complete and accurate transmission of inculpatory and exculpatory information to prosecutors, and withdrawal/correction of accusatory paperwork when exculpatory confirmations exist; and (c) standardized, least-intrusive vehicle-impound procedures, including when to tow rather than allow personal officer driving.

10.     Upon information and belief, prior lawsuits/complaints and internal data placed the City on notice of risks pertinent to these training/supervision areas. See Monell allegations, *infra*.

### C.  Defendant Sergeant William J. Planeta ("Sgt. Planeta")

11.     Sergeant William J. Planeta was, at all relevant times, an NYPD sergeant acting under color of state law and within the scope of his employment. He is sued in his individual capacity.

12.     On March 27, 2024, while in plainclothes and without visible NYPD insignia/body-worn camera, Sgt. Planeta initiated Plaintiff's detention near 28-31 Steinway Street, ordered Plaintiff from the vehicle, placed him in handcuffs, and directed his transport to the 114th Precinct without a warrant and without articulating a lawful basis.

13.     After Plaintiff was handcuffed, Sgt. Planeta personally entered and drove the vehicle from the scene to the precinct rather than arranging a tow pursuant to standardized procedures or permitting prompt third-party retrieval.

### D.  Defendant Detective Eric Bolger ("Det. Bolger")

14.     Detective Eric Bolger was, at all relevant times, an NYPD detective acting under color of state law and within the scope of his employment. He is sued in his individual capacity.

15.     Det. Bolger was not present at the roadside stop or arrest. He later encountered Plaintiff at the 114th Precinct, identified himself as an arresting officer, questioned Plaintiff, and prepared and/or forwarded accusatory paperwork to prosecutors, thereby personally participating in the continuation of Plaintiff's confinement and the initiation/continuation of criminal charges.

16.     Upon information and belief, Det. Bolger reviewed or had access to DMV/e-Justice confirmation of plate validity prior to or during the forwarding/maintenance of accusatory information, yet proceeded without correction; further particulars are pleaded in the malicious-prosecution and fair-trial (fabrication/omission) counts.

### E.  Defendant Detective Leonardo Moscoso ("Det. Moscoso")

17.     Detective Leonardo Moscoso was, at all relevant times, an NYPD detective acting under color of state law and within the scope of his employment. He is sued in his individual capacity.

18.     Det. Moscoso arrived on scene after Plaintiff requested uniformed officers. In his presence, Sgt. Planeta ordered Plaintiff from the vehicle, placed him in handcuffs, and caused the arrest and vehicle seizure without probable cause.

19.     Det. Moscoso had a realistic opportunity to intervene (including by performing an immediate DMV/e-Justice verification, objecting to the arrest, and ensuring a standardized impound rather than personal officer driving) but failed to do so.

### F.  Defendant Police Officer Mohammad F. Hossain ("P.O. Hossain")

20.     Police Officer Mohammad F. Hossain was, at all relevant times, an NYPD police officer acting under color of state law and within the scope of his employment. He is sued in his individual capacity.

21.     P.O. Hossain arrived on scene after Plaintiff requested uniformed officers. In his presence, Sgt. Planeta ordered Plaintiff from the vehicle, placed him in handcuffs, and caused the arrest and vehicle seizure without probable cause.

22.     P.O. Hossain had a realistic opportunity to intervene (including by performing an immediate DMV/e-Justice verification, objecting to the arrest, and ensuring a standardized impound rather than personal officer driving) but failed to do so.

## FACTUAL ALLEGATIONS

23.     On or about March 27, 2024, at approximately 1:45 p.m., Plaintiff was at or near 28-31 Steinway Street, Astoria, Queens.

24.     An unmarked vehicle pulled in behind Plaintiff and activated flashing red and white lights. Sgt. William J. Planeta, in plain clothes and with no visible NYPD insignia or body-worn camera, approached Plaintiff's driver's-side window.

25.     Without identifying a lawful basis for a stop, Sgt. Planeta requested driver's license, registration, and proof of insurance. Plaintiff complied.

26.     Concerned for his safety and uncertain of the officer's identity, Plaintiff called 911 at least seven (7) times to request uniformed officers to verify the encounter. **(See Ex. A, 911 Report.)**

27.     Uniformed NYPD officers, including Det. Moscoso and P.O. Hossain, arrived shortly thereafter.

28.     In their presence, and without articulating a lawful basis, Sgt. Planeta ordered Plaintiff to exit the vehicle, placed him in handcuffs, and directed that he be transported to the 114th Precinct. No warrant was presented, and no charge was stated at the scene.

29.     No Vehicle and Traffic Law summons was issued to Plaintiff. The subsequent Criminal Complaint charged only Penal Law § 170.20 (alleged "counterfeit plates") and did not cite any traffic offense as a basis for the stop or arrest. **(See Ex. B, Criminal Complaint.)**

30.     At the time of the stop and arrest, the vehicle's license plates, registration, inspection, and insurance were valid and active, as reflected in DMV records readily accessible to officers via terminal systems. **(See Ex. C, e-Justice Report.)**

31.     No officer at the scene identified any traffic offense, and, upon information and belief, officers did not conduct a DMV terminal verification before arresting Plaintiff.

32.     Plaintiff did not learn of any allegation regarding the plates until after he was arrested.

33.     After handcuffing Plaintiff, Sgt. Planeta personally entered and drove the vehicle from the scene to the precinct rather than arranging a tow or permitting retrieval by a licensed third party.

34.     At the 114th Precinct, Plaintiff remained in custody for several hours.

35.     Det. Bolger was not present at the roadside stop or arrest and did not witness any conduct preceding Plaintiff's seizure.

36.     Hours later at the precinct, Det. Bolger identified himself as an arresting officer, questioned Plaintiff, and prepared and/or forwarded the accusatory instrument and related arrest paperwork to prosecutors.

37.     When precinct personnel did not transport Plaintiff to central booking, Sgt. Planeta personally transported Plaintiff in an unmarked vehicle to central booking.

38.     While in central booking and still in NYPD custody, Plaintiff experienced palpitations and shortness of breath, was transported to Mount Sinai Hospital for EKG and bloodwork, was medically cleared, and returned to custody.

39.     On or about March 28, 2024, Plaintiff was arraigned in Queens Criminal Court on Criminal Possession of a Forged Instrument in the Third Degree (N.Y. Penal Law § 170.20) based on an allegation that his license plates were "counterfeit."

40.     Following arraignment, Plaintiff was required to make court appearances and comply with release conditions until the case was dismissed.

41.     Before continued prosecution, after learning of the plate allegation, Plaintiff's defense counsel provided DMV confirmations to the District Attorney; upon information and belief, Defendants reviewed or had access to the same DMV confirmations via terminal checks and/or the case file. **(See Ex. D, DMV Receipt.)**

42.     Any items noted during a post-arrest inventory at the precinct were documented after Plaintiff had been handcuffed and the vehicle removed from the scene.

43.     Plaintiff was in NYPD custody for approximately twenty-eight (28) hours from arrest through arraignment. **(See Ex. E, Arraignment Report.)**

44.     On or about July 16, 2024, the criminal case was dismissed and sealed in Plaintiff's favor pursuant to CPL § 30.30; no conviction resulted. **(See Ex. F, Certificate of Disposition.)**

45.     Upon release, Plaintiff discovered substantial damage to the vehicle while it was in NYPD custody, and experienced loss of access and use during the impound period.

46.     Plaintiff attempted to file a property-damage report at the 114th Precinct and later at the 33rd Precinct, but he was directed elsewhere and was not provided an NYPD complaint report.

47.     Plaintiff incurred criminal-defense expenses, vehicle repair costs, and other out-of-pocket losses, and suffered emotional distress, including anxiety and sleep disturbance, as a result of the stop, arrest, prosecution, and vehicle seizure.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### False Arrest and Unlawful Detention Under 42 U.S.C. § 1983
*(Against Sgt. Planeta and Det. Bolger, in their individual capacities)*

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

49.     Defendants caused Plaintiff to be seized and arrested without a warrant and without probable cause.

50.     At the scene, no Vehicle and Traffic Law summons was issued, and the later Criminal Complaint charged only N.Y. Penal Law § 170.20 (alleged "counterfeit plates"). It did not cite any traffic offense as a basis for the stop or arrest. **(See Ex. B.)**

51.     At the time of arrest, DMV/e-Justice data reflected that the plates, registration, inspection, and insurance were valid and active. That information was readily available via routine terminal checks; upon information and belief, officers did not perform or heed such checks before arresting Plaintiff. **(See Ex. C; Ex. D.)**

52.     Probable cause is judged at the time of arrest; items first observed or inventoried after the arrest cannot retroactively supply probable cause.

53.     Det. Bolger, though not present at the stop, personally participated in the continuation of Plaintiff's confinement by identifying himself as an arresting officer, questioning Plaintiff while in custody, and preparing/forwarding accusatory paperwork without resolving plate status via routine verification.

54.     Plaintiff suffered a loss of liberty, emotional distress, financial losses (including reasonable criminal-defense expenses), and a stress-related medical episode.

55.     Because these facts violated a clearly established right to be free from arrest without probable cause, qualified immunity does not apply at this stage.

**SECOND CAUSE OF ACTION**
**Fourth Amendment: Malicious Prosecution Under 42 U.S.C. § 1983**
*(Against Sgt. Planeta and Det. Bolger, in their individual capacities)*

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

57.     Defendants initiated and/or continued a criminal proceeding; it terminated in Plaintiff's favor; it was without probable cause; Defendants acted with malice; and Plaintiff suffered post-arraignment liberty restraints.

58.     Lack of probable cause: The accusatory submission alleged "counterfeit plates," yet DMV/e-Justice records showed the plates were lawful and active and were reasonably available to officers before and during charging; the charging instrument cites no traffic offense. **(Ex. B–D.)**

59.     Dissipation: Even if arguable cause were assumed initially, it dissipated before continuation when defense counsel furnished DMV confirmations to the District Attorney and those confirmations were available to Defendants through terminal systems and/or the case file, yet prosecution persisted.

60.     Malice may be inferred from the absence of probable cause and from Defendants' reckless disregard of readily available exculpatory DMV confirmations.

61.     Plaintiff incurred defense expenses, emotional distress, and other damages.

62.     Proceeding in the face of exculpatory DMV confirmations violated clearly established law; qualified immunity does not apply at this stage.

### THIRD CAUSE OF ACTION
### Fourteenth Amendment: Denial of Right to a Fair Trial (Fabrication / Suppression) Under 42 U.S.C. § 1983
*(Against Sgt. Planeta and Det. Bolger, in their individual capacities)*

63.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

64.     Defendants knowingly or recklessly conveyed that the plates were "counterfeit" based on subjective appearance while omitting readily available DMV/e-Justice confirmations demonstrating validity, and forwarded accusatory information to prosecutors. **(Ex. B–D.)**

65.     These fabrications/omissions were material, were likely to influence prosecutorial decisions, and did so, causing a deprivation of liberty including post-arraignment restraints.

66.     Plaintiff suffered damages, including liberty restraints, defense expenses, and emotional distress.

67.     Fabricating or omitting material facts provided to prosecutors violates clearly established law; qualified immunity does not apply at this stage.

### FOURTH CAUSE OF ACTION
### Unlawful Seizure of Property Under 42 U.S.C. § 1983
*(Against Sgt. Planeta, in his individual capacity)*

68.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

69.     After handcuffing Plaintiff, Sgt. Planeta personally entered and drove the vehicle from the scene to the precinct rather than employing standardized, least-intrusive impound procedures (e.g., tow to a secured lot with inventory) or permitting prompt third-party retrieval, although the vehicle posed no hazard.

70.     The seizure and handling were more intrusive than necessary and unrelated to any legitimate caretaking need; while in NYPD custody, the vehicle sustained damage, and Plaintiff suffered loss of use.

71.     Plaintiff suffered property and consequential damages.

72.     The unreasonable impound and non-standard handling of Plaintiff's vehicle violated clearly established law; qualified immunity does not apply at this stage.

**FIFTH CAUSE OF ACTION**
<u>**Failure to Intervene Under 42 U.S.C. § 1983**</u>
*(Against Det. Moscoso and P.O. Hossain, in their individual capacities)*

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

74.     In their presence, Sgt. Planeta ordered Plaintiff from the vehicle, handcuffed him, and caused arrest and vehicle seizure without probable cause.

75.     Det. Moscoso and P.O. Hossain had a realistic opportunity to intervene including by performing an immediate DMV/e-Justice verification, objecting to the arrest, and ensuring a standardized impound rather than personal officer driving, but failed to act.

76.     Their inaction proximately caused Plaintiff's injuries.

77.     Because the underlying violations were clearly established and these officers had a realistic opportunity to act, qualified immunity does not apply at this stage.

**SIXTH CAUSE OF ACTION**
**Municipal Liability (Monell) Under 42 U.S.C. § 1983**
*(Against Defendant City of New York)*

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

79.     The constitutional violations were caused by the City's policies, customs, and/or deliberate indifference in training and supervision, including:

a.  Pre-arrest verification for alleged counterfeit/forged plates requiring objective DMV/terminal checks rather than subjective "appearance";

b.  Protocols ensuring complete and accurate transmission of inculpatory and exculpatory information to prosecutors and the withdrawal/correction of accusatory paperwork when exculpatory confirmations exist; and

c.  Standardized, least-intrusive vehicle-impound procedures that do not involve personal officer driving absent exigency, with documentation and inventory controls.

80.     **Notice:** On information and belief, before March 2024 the City had or should have had notice of the above risks through prior lawsuits/complaints and internal arrest/declination data concerning Penal Law § 170.20 arrests premised on "appearance" without DMV verification; notwithstanding such notice, the City failed to implement adequate corrective training and supervision. *(Plaintiff reserves the right to identify specific matters after initial disclosures.)*

81. In the alternative, to the extent written NYPD policies already require these safeguards, the City was deliberately indifferent in failing to train, supervise, and enforce them.

82. The City's failures were the moving force behind the constitutional injuries alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Charles Saldarriaga respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

A. **Compensatory Damages** in an amount to be determined at trial, including but not limited to:

1. **Economic/special damages:** (i) lost income or other pecuniary losses caused by the arrest, detention, and prosecution; (ii) reasonable criminal-defense expenses incurred to oppose the baseless charge; (iii) medical expenses related to the custody-induced episode (including hospital evaluation, EKG, bloodwork); (iv) property damage to the vehicle while in NYPD custody and diminution/loss of use; and (v) reasonable substitute transportation costs while deprived of the vehicle.

2. **Non-economic/general damages:** pain and suffering; emotional distress, anxiety, and humiliation; and loss of enjoyment of life arising from the unlawful seizure, arrest, detention, prosecution, and vehicle seizure.

B. **Nominal Damages** (in the alternative), in an amount not less than $1.00 per constitutional violation, should compensatory damages not be awarded.

C. **Punitive Damages** against the individual defendants only, Sgt. Planeta, Det. Bolger, Det. Moscoso, and P.O. Hossain, for their intentional or reckless violations of

Plaintiff's constitutional rights; no punitive damages are sought against the City of New York.

**D. Costs and Disbursements** of this action pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

**E. Prejudgment and post-judgment interest** as allowed by law.

**F. Such other and further relief** as the Court deems just and proper.

**G. Reservation of fees:** Should counsel appear for Plaintiff in this action, Plaintiff reserves the right to seek reasonable attorney's fees under 42 U.S.C. § 1988.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to amend this Complaint as additional facts and evidence become available during Plaintiff's investigation and discovery, or to assert any additional claims for relief against Defendants or other parties as may be warranted under the circumstances and as allowed by law.

Dated: Queens, New York
        September 24, 2025

Respectfully submitted,

*/S/ Charles Saldarriaga*

Charles Saldarriaga
*Pro Se Plaintiff*
1-20 Astoria Blvd Apt 4H
Astoria, New York 11102
(929) 789-2220
Charlesny09@yahoo.com



# Exhibit A

911 Report

| Executed: 3/27/2024 15:48 | Executed by: NYPDFINEST \PLANETA |
|---|---|



### New York City Police Department
### 911



| | | | | | | |
|---|---|---|---|---|---|---|
| Job Number: | 24032711945 | Date: | 3/27/2024 | Priority: | 2 | |
| Occurence Precinct: | 114 | Assigned Precinct: | 114 | | | |
| Create Time: | 13:48 | Disposition Time: | 3/27/2024 15:23 | | | |

**Address**

| | | | | | |
|---|---|---|---|---|---|
| Street Number: | 28-19 | Apartment: | | Place: | |
| Street Name: | STEINWAY ST | Cross Street: | 28 AVE | Intersecting Street: | 30 AVE |

**Narrative**

{03/27/2024 13:48:36} ** LOI search completed at 03/27/24 13:48:36

{03/27/2024 13:59:46} Routes D from incident 24032712110 cancelled and duplicated to D24032711945.

{03/27/2024 13:59:47} Duplicate Event:Location = 28-18 STEINWAY ST QN, Cross Street 1 = 28 AVE, Cross Street 2 = 30 AVE, Type = 10P2 INVESTIGATE/POSSIBLE CRIME: SUSP PERSON/OUTSIDE (PROWLER), Subtype = default, Caller Name = WIRELESS-VERIZON(COMTECH), Caller Ph Number =          2220, Caller Address = LL(-73:54:51.2029,40:45:53.6543): EST 28-74 STEINWAY ST QN, Call Source = ANI/ALI

{03/27/2024 13:59:47} 13:56:42 - ps1-c040 - MC STS STOPPED BY RANDOM VEH ----POSS SOMEONE IMPERSONATING OFFICER

{03/27/2024 13:59:47} 13:56:43 - loi-search - ** LOI search completed at 03/27/24 13:56:43

{03/27/2024 13:59:47} 13:56:49 - ps1-d32 - Event D24032712110 has been displayed by the covering dispatcher

{03/27/2024 13:59:47} 13:56:49 - ps1-d32 - ** >>>> by: 370970 at 03/27/24 13:56:49 on terminal: ps1-d32

{03/27/2024 13:59:47} 13:57:28 - ps1-c040 - MC STS THEY DID NOT IDENTIFY THEMSELF ----NO PARTNER ------IN UNMARKED PERSONAL CAR

{03/27/2024 13:59:47} 13:58:34 - ps1-c040 - ------MW--GLASSES -----5'10 FT ------BLK EQUINOX NY LIC PLT --         9-5-5-6

{03/27/2024 13:59:47} 13:59:08 - ps1-c040 - MC SALDARAGA CB         2220

{03/27/2024 13:59:47} 13:59:20 - ps1-c040 - ANI-ALI         2220 WIRELESS-VERIZON COMTECH 42-13 28TH AVE NW SECTOR ASTORIA COS:WPH2 LAT: 040.764904 LON:-073.914223 OPER Hall, Kiana E-C-MTPPDVCP300-136

{03/27/2024 13:59:47} 13:59:30 - ps1-d32 - XMITTED---------------D1770

{03/27/2024 13:59:47} 13:59:39 - ps1-d32 - 114A2-2 -- Event D24032712110 Dispatch Assigned

{03/27/2024 13:59:47} End of Nearby Duplicate Event data

{03/27/2024 13:59:47} ** Cross Referenced to Event # D24032712110 at: 03/27/24 13:59:47

{03/27/2024 13:59:47} ** >>>> by: SEAN F. GALLAGHER on terminal: ps1-d32

{03/27/2024 14:00:05} DBST1 --JOBS ONE AND THE SAME---JOB IN REGARDS TO VEH STOP--AWAITING UNIT---D1770

**Details**

| | | | | | |
|---|---|---|---|---|---|
| Current Radio Code: | 68U2 - SEE COMPLAINANT: 85 - MOS/OUTSIDE | Orig. Radio Code: | | 68U2 - SEE COMPLAINANT: 85 - MOS/OUTSIDE |
| Resource Count: | 2 | HSE Property Indicator: | N | Transit Indicator: | N |
| Caller Name: | | Caller Phone: | | Caller City: | |
| Caller Address: | | | | | |
| Comment: | | | | | |

**Resources**

| Time | Agency | Resource |
|---|---|---|
| | PATROL (D) | 114A2-2 |
| | PATROL (D) | DBST1 |

**Dispositions**

| Time | Agency | Disposition | Resource | Active |
|---|---|---|---|---|
| 3/27/2024 15:23:32 | PATROL (D) | 10-92C | DBST1 | Y |

Page 1 of 2



# Exhibit B

Criminal Complaint

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR, COUNTY OF QUEENS

THE PEOPLE OF THE STATE OF NEW YORK |

           V.

CHARLES SALDARRIAGA (37Y)

                        DEFENDANT |

STATE OF NEW YORK
COUNTY OF QUEENS



DETECTIVE ERIC BOLGER OF DOCUMENT FRAUD SQUAD, TAX REG#:      BEING
DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT MARCH 27 2024  BETWEEN
1:43PM AND 2:03PM, IN FRONT OF 28-19 STEINWAY STREET, COUNTY OF QUEENS,
STATE OF NEW YORK, THE DEFENDANT COMMITTED THE OFFENSE OF:

PL 170.20 [AM] CRIMINAL POSSESSION OF A FORGED INSTRUMENT IN THE THIRD
    DEGREE (3 COUNTS)

PL 170.20 [AM] CRIMINAL POSSESSION OF A FORGED INSTRUMENT IN THE THIRD
DEGREE (3 COUNTS)
    --- WITH INTENT TO DEFRAUD, DECEIVE OR INJURE ANOTHER, UTTER OR
    POSSESS A FORGED INSTRUMENT KNOWING IT WAS FORGED.

THE ABOVE OFFENSE WAS COMMITTED AS FOLLOWS:

DEPONENT STATES THAT HE IS INFORMED BY SERGEANT WILLIAM PLANETA OF THE
DOCUMENT FRAUD SQUAD TAX REG #     THAT AT THE ABOVE MENTIONED DATE,
TIME, AND PLACE OF OCCURRENCE, HE OBSERVED THE DEFENDANT, CHARLES
SALDARRIAGA, OPERATING A GREEN RANGE ROVER MOTOR VEHICLE BEARING
FORGED REAR AND FRONT NEW YORK LICENSE PLATE NUMBER FOREV3R5.

DEPONENT STATES THAT THE DEFENDANT STATED IN SUM AND SUBSTANCE, I BOUGHT
THE PLATES FROM THE DMV, I OWN THE VEHICLE.

DEPONENT· STATES THAT HE EXAMINED THE ABOVE MENTIONED NEW YORK LICENSE
PLATE NUMBER ·FOREV3R5 AND HIS CONCLUSION THAT SAID NEW YORK LICENSE PLATE
IS FORGED IS BASED UPON HIS TRAINING IN THE DETECTION AND IDENTIFICATION
OF FORGED INSTRUMENTS, AND THAT THE ABOVE MENTIONED FORGED NEW YORK
LICENSE PLATE BACKGROUND IS· BLACK IN COLOR, WHEREAS AN AUTHENTIC NEW
YORK STATE LICENSE PLATE BACKGROUND WOULD NOT BE BLACK IN COLOR, AND
THAT THE 'ABOVE MENTIONED FORGED NEW YORK LICENSE PLATE MOUNTING HOLES
ARE CIRCULAR, WHEREAS AN AUTHENTIC NEW YORK LICENSE PLATE WOULD HAVE
OBLONG MOUNTING HOLES, AND THAT THE LETTERING ON THE ABOVE MENTIONED
FORGED· NEW YORK LICENSE PLATE NUMBER IS RAISED, WHEREAS THE LETTERING ON
AN AUTHENTIC NEW YORK STATE LICENSE PLATE WOULD BE FLAT.

███████████████████████████████████████████████

SALDARRIAGA, CHARLES    ████

DEPONENT FURTHER STATED THAT HE RECOVERED A POLICE BRONX DISTRICT
ATTORNEY PARKING PLAQUE NUMBER ████ FROM THE ABOVE MENTIONED MOTOR
VEHICLE'S GLOVE COMPARTMENT.

DEPONENT STATES THAT HE IS INFORMED BY DISTRICT ATTORNEY INVESTIGATOR
JOHN RILEY THAT THE ABOVE MENTIONED POLICE BRONX DISTRICT ATTORNEY
PARKING PLAQUE NUMBER ████ IS FORGED AND THAT HIS CONCLUSION THAT
SAID PARKING PLAQUE IS FORGED IS BASED UPON HIS OBSERVATIONS THAT SAID
POLICE BRONX DISTRICT ATTORNEY PARKING PLAQUE NUMBER ████ IS NOT A
VALID OR ISSUED PLAQUE NUMBER, AND THAT THE LAST TWO DIGITS OF THE
YEAR A PARKING PLAQUE WAS ISSUED SHOULD BE IN FRONT OF THE PARKING
PLAQUE NUMBER, AND THAT THE DEFENDANT, CHARLES SALDARRIAGA, IS NOT A
CURRENT EMPLOYEE OF THE BRONX DISTRICT ATTORNEY'S OFFICE.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
TO SECTION 210.45 OF THE PENAL LAW

3/28/2.24    R F E      1·34 #6⁸⁰
DATE        SIGNATURE

SWORN TO BEFORE ME ON THE
DAY OF


DATE       SIGNATURE



# Exhibit C

e Justice Report

# eJusticeNY INTEGRATED JUSTICE PORTAL

William Planeta/NY63030L5

Property » Registration    IT Security Incident Report
Feedback [+]

**Registration**

**Inquiry**

**Results**

**Search Criteria**    Plate Type: 11  Plate: FOREV3R5

**DMV Registration**

Status: VALID  Expiration: 10/03/2024  Plate Issued: 10/28/2022
Plate: FOREV3R5  Class: SRF - Passenger Plate, Special Registration Fee (011)
Style: X  Logo: EXCELSIOR  Legend: PERSONALIZED
Vehicle: 2020; LAND ROVER; RANGE ROVER; SUBURBAN; WHITE
Unladen Weight: 3935
Vehicle ID: ████████046451

Sticker Number: 34900073  Expiration: 11/30/2024
Station ID: 7124495  Inspection Date: 11/15/2023

Reg Plate: FOREV3R5  Reg Expiration Date: 10/03/2024  Class: SPECIAL REGISTRATION FEE  Odometer: 69544

Inspection Status: VALID

Inspection Station Name: ALISSON;REPAIR;SHOP

Inspection Station Address: 97-37 CHRISTIE AVE  County: QUEE
CORONA, New York 11368

Transaction ID: 1e4c06cc-ec7d-11ee-8562-292929291919

Insurance Co.: GEICO GEN INS CO  Insurance Code: 639  Policy ID: ████6517

Name: SALDARRIAGA,  Birth Date: ████████  Sex: M
Address: ████████
EAST ELMHURST, New York 11370
Motorist ID: ████████7888

## Registration Suspension History
Violation Code: INSURANCE NOT IN EFFECT  Order Number: C211189  Case Number: T221004
Effective Date: 12/02/2022  Compliance Code: CIVIL PENALTY  Status: CLOSED

## Registration Detail History
Activity: PLATES ISSUED (42)
Date: 10/28/2022  Expiration: 10/03/2024  Batch Number: 2102820CDA
Vehicle: 2020; LAND ROVER; SUBURBAN; WHITE; 4 cylinders
Vehicle ID: ████████046451

Activity: REGISTRATION ORIGINAL (10)
Date: 10/04/2022  Expiration: 10/03/2024  Batch Number: 21004202A7
Vehicle: 2020; LAND ROVER; SUBURBAN; WHITE; 4 cylinders
Vehicle ID: ████████046451
(less)  (print preview)

Drivers License Inquiry

**NICB Vehicle**
** NOTICE **
THE NICB PROVIDES THE INFORMATION CONTAINED HEREIN SOLELY
AS AN INVESTIGATORY AID. SINCE THESE RECORDS ARE NOT
VALIDATED, THE NICB DOES NOT GUARANTEE OR WARRANT THEIR
LEGITIMACY. PLEASE USE SECONDARY VERIFICATION BEFORE YOU
TAKE ANY ENFORCEMENT ACTION.
NICB RESPONSE FOR VIN/████████046451 MSG 01 OF 01

NO RECORD NICB

**NYS Vehicle**  No hit

| | |
|---|---|
| **NCIC Vehicle** | No hit <br> (more)  (print preview) |
| **NYS Plate** | No hit |
| **NCIC Plate** | No hit <br> (more)  (print preview) |
| **NYS Part** | No hit |
| **NYS Parole** | No hit |
| **NYS Probation** | No hit |
| **NYS Order of Protection** | No hit |
| **NYS / NCIC Person (NAM)** | **NYS Person Response** <br> No hit <br><br> **NCIC Person Response** <br> ***HIT*** PROTECTION ORDER - CAUTION <br> (more)  (print preview) <br><br> Hit Confirmation Request |
| **NYS Person (REG)** | No hit |
| **NYS Person (VIN)** | No hit |

**Transaction ID:** 1615d2b9-ec7d-11ee-8562-292929291919

About  |  Site Map  |  Site Policies  |

March 27, 2024 5:00 PM EDT



# Exhibit D

DMV Receipt

## Confirmation - DMV Transaction Completed

From:  NYSDMV (noreply@dmv.ny.gov)

To:  CHARLESNY09@YAHOO.COM

Date:  Friday, October 28, 2022 at 10:55 AM EDT

** Do not reply to this email. You will not receive a response. **

YOU CANNOT CANCEL THIS TRANSACTION.

INFORMATION ABOUT YOUR TRANSACTION:

ORDER CUSTOM/PERSONALIZED PLATES PROCESSED

Transaction: NYS DMV – Order Custom/Personalized Plates

Old Plate: KAA6308    Class: PAS

New Plate: FOREV3R5    Class: SRF

Credit Card Purchase: VISA

Transaction Number: 08578729

Transaction Processing Date: 10/28/2022

Terminal: CDA

The amount of $ 60.00 was charged to your card that ends with the numbers 0514.

Card Holder: CHARLES

Auth Code: 03769D    AVS: Y

You will receive your documents by mail. Your new plates will be mailed separately. Allow six weeks for delivery of your plates. You will also receive instructions on what to do with your old plates and registration.

Please note that your new registration receipt and window sticker will not show blank spaces and/or the state image (if applicable). The spaces and image do appear on your plates.

A message from DMV:

We hope you are satisfied with DMV's online services. Please visit us again and remember to tell a friend!

In addition to online services, the DMV website at https://dmv.ny.gov has helpful information, forms, publications, and important safety advice. We want to bring you the best in online services and information.

## ...2020 LAND ROVER

| | |
|---|---|
| **Plate:** | Excelsior Vehicle Plate Number is forev3r5 |
| **Registration Class:** | SRF |
| **Registrant:** | SALDARRIAGA █████ |
| **Mailing Address:** | ████████████ EAST ELMHURST, NY 11370 |
| **County of Residence:** | QUEENS |
| **Registration:** | Expires: 10/03/2024 Too Early for Renewal |
| **Plate Mailing Status:** | Manufactured and ready for mailing. Plate(s) with this number were manufactured on 11/09/2022. |

If you ordered new standard number Excelsior plates to replace Empire Gold or Empire Blue plates, allow six weeks to receive your plates in the mail.

If you ordered Excelsior plates that have the same number as your current plates, or you ordered custom picture plates or personalized plates, you will receive your new registration documents in the mail and allow six weeks to receive your plates in the mail.

| | |
|---|---|
| **Inspection:** | · Expires: 11/30/2024 |
| **Vehicle Identification Number:** | ████████046451 |

> **Vehicle year:** 2020
> **Vehicle make:** LAND ROVER
> **Vehicle model:** RRV
> **Color:** WH
> **Body type:** SUBN
> **Fuel type:** G
> **Number of cylinders:** 4
> **Weight:** 3935

## Ownership-Title

Your proof of ownership document is your New York State vehicle title certificate. (See a sample title)

Select 'Check title information' to see



# Exhibit E

Arraignment Report

**SALDARRIAGA, CHARLES**                MALE/ WHITE HISPANIC/ 37                ████████

| | | |
|---|---|---|
| **NYSID :** ████████ | **Arrest Precinct :** 114 | |
| **Fax Num :** QO010696 | **Arrest Officer :** BOLGER, ERIC | **Status :** |
| **Court Part :** APAR1 | **AO Command :** 217 | **Current Lodging :** FEEDER PEN (QCF) |
| **Docket Num :** ████████ | **AO TaxId :** ████ | **Top Charge :** PL 170.25 |
| | **AO Rank :** DT3 | **Notes On File ?** YES |
| | **AO Dept :** N.Y. POLICE DEPT | |

**Custody Time :** 27 hrs 36 mins
**Arraignment Time :** 20 hrs 46 mins

| | | | |
|---|---|---|---|
| ARREST 03/27/20241403 | RECORD CREATE 03/27/20241628 | NYSID 03/27/20241649 | DNA BANNER 03/27/20241649 |
| PAPERWORK READY- 03/27/20242346 | AO RELEASE 03/28/20241030 | COMPLAINT SWORN- FAX 03/28/20241030 | COMPLAINT RECEIVED 03/28/20241139 |
| BREAKDOWN 03/28/20241141 | PACKAGE TO COURT 03/28/20241151 | DOCKETED 03/28/20241213 | ARRAIGNMENT CLOSED 03/28/20241739 |
| FOLDER SENT TO DA 03/27/20242346 | FOLDER SENT TO DA 03/27/20242353 | ROR * 03/28/20241739 | |

## Arraignment Status

| Activity Name | StartDate/Time | EndDate/Time |
|---|---|---|
| ARREST | 03/27/20241403 | - ---------- ----- |
| RECORD CREATE | 03/27/20241628 | - ---------- ----- |
| NYSID | 03/27/20241649 | - ---------- ----- |
| DNA BANNER | 03/27/20241649 | - 03/27/20241649 |
| PAPERWORK READY | 03/27/20242346 | - ---------- ----- |
| AO RELEASE | 03/28/20241030 | - ---------- ----- |
| COMPLAINT SWORN | 03/28/20241030 | - ---------- ----- |
| COMPLAINT RECEIVED | 03/28/20241139 | - ---------- ----- |
| BREAKDOWN | 03/28/20241141 | - ---------- ----- |
| PACKAGE TO COURT | 03/28/20241151 | - ---------- ----- |
| DOCKETED | 03/28/20241213 | - ---------- ----- |
| ARRAIGNMENT CLOSED | 03/28/20241739 | - ---------- ----- |
| FOLDER SENT TO DA | 03/27/20242346 | - ---------- ----- |
| FOLDER SENT TO DA | 03/27/20242353 | - ---------- ----- |
| ROR* | 03/28/20241739 | - ---------- ----- |

## Lodging Status/History

| Lodging Name | StartDate/Time | EndDate/Time |
|---|---|---|
| 114 PRECINCT | 03/27/20241403 | - 03/27/20242158 |
| PRISONER INTAKE (QIN) | 03/27/20242158 | - 03/27/20242223 |
| MALE HOLDING | 03/27/20242223 | - 03/28/20240138 |
| QUEENS HOSPITAL CENTER ER | 03/28/20240138 | - 03/28/20240828 |
| PRISONER INTAKE (QIN) | 03/28/20240828 | - 03/28/20240946 |
| MALE HOLDING | 03/28/20240946 | - 03/28/20241209 |
| FEEDER PEN (QCF) | 03/28/20241209 | - ---------- ----- |

## Charges

| Law Code | Category | Charge Class | Degree |
|---|---|---|---|

## Grouped Arrests

| Arrest Id | Arrest Date | NYSID | Defendant | AO NAME |
|---|---|---|---|---|

## Grouped by NYSID

| Arrest Id | Arrest Date | NYSID | Defendant | AO NAME |
|---|---|---|---|---|

## Notes

**SALDARRIAGA, CHARLES |** ████████                Page 1

**SALDARRIAGA, CHARLES**                              MALE/ WHITE HISPANIC/ 37                                        ████████

| Date | Time | Officer Cmd. | Officer Rank | Officer Last Name | Officer First Name | Note |
|------|------|--------------|--------------|-------------------|--------------------|------|
| 03/27/2024 | 2140 | 585 | SGT | LUGO | RAFAEL | CASE NOT YET ASSIGNED |
| 03/27/2024 | 2158 | 585 | PO | OSIPOWICH | BRIAN | ZOLPA SHOWS ONE ARREST AT THIS TIME |
| 03/27/2024 | 2306 | 585 | SGT | VEGA | JOHN | CASE WILL BE ASSIGNED TO AN ADA IN THE MORNING |
| 03/28/2024 | 0139 | 585 | LT | GOSTA | GEORGE | DEFT LEFT IN GOOD MENTAL AND PHYSICAL CONDITION. CHEST PAIN PO COSTILLO T█████ PO STUKES T█████ RMP# 4063 |
| 03/28/2024 | 0759 | 585 | PO | GRANT | TRAVIS | AS PER 114 DESK SGT. FRANCO, DEFT REMAINS HOSPITLAIZED AND WILL BE DISCHARGED SHORTLY. |
| 03/28/2024 | 0828 | 585 | PO | GUARDADO | DAX | AT THIS TIME ZOLPA CHECK SHOWS DEFT HAS 1 ARREST NUMBER . |
| 03/28/2024 | 0906 | 585 | SGT | OSPINA | DANNY | CASE ASSIGNED TO JACKSON 0715 HRS. |
| 03/28/2024 | 1739 | 585 | PO | BATISTA | EDWARD | DEFT IS ROR ON THIS CASE |

**SALDARRIAGA, CHARLES | ██████████**



# Exhibit F

Certificate of Disposition



# QUEENS CRIMINAL COURT

125-01 Queens Boulevard, Kew Gardens, NY 11415

Phone: (718) 298-0792 Fax: (718) 520-2451

**FEE**
**Non-Public**
**Version**

Court ORI: NY040033J

| The People of the State of New York | **Certificate of Disposition** | |
|---|---|---|
| vs. | Docket Number: | |
| **Charles Saldarriaga** | | |
| | CJTN: | 70653306H |
| | NYSID: | |
| Defendant DOB: | Arrest Date: **03/27/2024** | Arraignment Date: **03/28/2024** |

THIS IS TO CERTIFY that the undersigned has examined the files of the **Queens Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1-3 | PL 170.20 AM Possess Forged Instrument-3rd **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 07/16/2024 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **July 16, 2024**

**Chief Clerk/Clerk of the Court**

### CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]

Charges may not be the same as the original arrest charges.

CPL 160.50:          All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.