

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | MICHAEL FUTRAL<br>*Assistant Corporation Counsel*<br>Tel.: (212) 356-1643<br>Fax: (212) 356-3509<br>mifutral@law.nyc.gov |

October 21, 2025

**VIA ECF**
Honorable James R. Cho
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Charles Saldarriaga v. City of New York, et al.</u>,
             25-CV-1115 (RPK)(JRC)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney for Defendants City of New York ("City"), Sergeant Detective William J. Planeta, Detective Leonardo Moscoso, and Detective Eric Bolger ("Defendants") in the above-referenced matter. Pursuant to Your Honor's July 21, 2025 Order, I write on behalf of the parties to provide the Court with a joint update on the status of settlement discussions, the proposed protective order, and the City's efforts to help facilitate the effectuation of service on the remaining defendant, Police Officer Mohammad F. Hossain.

      By way of background, Plaintiff, who is proceeding pro se, filed his Complaint on February 26, 2025, naming as defendants the City, Sgt. Planeta, Det. Moscoso, Det. Bolger, and Officer Hossain. (*See* ECF No. 1.) On June 25, 2025, Plaintiff filed a motion for a protective order requesting that specific procedures be implemented for the disclosure of pre-discovery criminal records and general discovery materials. (*See* ECF No. 18.) During the July 21, 2025, hearing, the Court denied Plaintiff's motion in part but ordered the parties to file a joint proposed protective order if Plaintiff believed that the execution of his § 160.50 release would contain confidential information. On September 24, 2025, Plaintiff filed an Amended Complaint ("AC"). (*See* ECF No. 35.) On October 7, 2025, Defendants filed a motion to dismiss Plaintiff's AC in its entirety. (*See* ECF No. 36.) To date, service of process has not yet been effected on Officer Hossain. (*See* ECF No. 34.)

      First, given Defendants' pending motion to dismiss, the parties have mutually agreed to suspend settlement discussions and defer submission of the proposed joint protective order until the Court decides Defendants' motion.

  Second, given the unsuccessful attempts to serve Officer Hossain, the City has been making efforts to assist in effectuating service and prevent the Court from expending unnecessary time and resources. To that end, the City has been corresponding with the New York City Police Department's ("NYPD") Legal Bureau to arrange for a waiver of service to be executed and filed on Officer Hossain's behalf. On October 21, 2025, the NYPD informed the undersigned that an executed waiver of service would be filed on P.O. Hossain's behalf by October 24, 2025.

  Defendants thank the Court for its time and consideration.

Respectfully submitted,

*Michael Futral*  /s/

Michael Futral
*Assistant Corporation Counsel*
Special Federal Litigation Division

Cc: **VIA ECF & FIRST CLASS MAIL**
   Charles Saldarriaga
   *Plaintiff Pro Se*
   1-20 Astoria Blvd.
   Apt. 4H
   Astoria, NY 11102