25-cv-1115 (RPK) (JRC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHARLES SALDARRIAGA,

                            Plaintiff,

-*against*-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, SERGEANT DET. WILLIAM J. PLANETA, DET. ERIC BOLGER, DET. LEONARDO MOSCOSO, and OFFICER MOHAMMAD F. HOSSAIN,

                            Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**

**MURIEL GOODE-TRUFANT**

*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
   *Planeta, Bolger, Moscoso, and Hossain*
*100 Church Street*
*New York, N.Y. 10007*

*Michael Futral*
*Tel: (212) 356-1643*

*November 18, 2025*

## PRELIMINARY STATEMENT

Defendants City of New York ("City"), Sergeant Detective William J. Planeta ("Sgt. Planeta"), Detective Eric Bolger ("Det. Bolger"), Detective Leonardo Moscoso ("Det. Moscoso"), and Police Officer Mohammad F. Hossain ("P.O. Hossain") (collectively, "Defendants") submit this reply memorandum of law in further support of their motion ("Defendants' Motion"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's First Amended Complaint ("FAC"), dated September 24, 2025, in its entirety and with prejudice. (ECF No. 35.)

In his Opposition ("Pl. Opp."), Plaintiff fails to cure the deficiencies identified in Defendants' Motion. Instead, he reasserts various conclusory allegations; invokes inapposite rules of evidence to deflect from the fact that his own pleadings affirm the existence of probable cause; conflates the availability of information with knowledge of it; and demands that the omission of unaccessed information be treated as fabrication. Plaintiff also asks this Court to contravene decades of Supreme Court precedent by fashioning a bright-line rule for establishing probable cause that would require officers—who reasonably believe that a suspect is in criminal possession of forged license plates—to conduct a Department of Motor Vehicles ("DMV") check before an arrest may be lawfully effectuated. In short, Plaintiff wrongly believes that the Constitution elevates boilerplate DMV checks over decades of police training and experience.

Thus, in addition to the reasons set forth in Defendants' Motion, this Court should dismiss Plaintiff's FAC on the grounds that: (1) probable cause existed to arrest and prosecute Plaintiff; (2) Plaintiff's fair trial claim fails as a matter of law; (3) the impoundment of Plaintiff's vehicle was reasonable; (4) Plaintiff's failure to intervene claim is deficient; (5) Plaintiff's *Monell* allegations are conclusory; and (6) the individual Defendants are entitled to qualified immunity.

## ARGUMENT

### POINT I

#### PLAINTIFF'S FALSE ARREST CLAIM SHOULD BE DISMISSED BECAUSE PROBABLE CAUSE EXISTED

Plaintiff contends that Defendants lacked probable cause to believe that he possessed forged license plates in violation of § 170.20 because the "legitimacy" of a license plate must be "determined entirely by DMV records, not by its physical characteristics." (Pl. Opp. at 8.) This contention fails for several reasons.

First, Plaintiff's contention fails because it asks this Court to disregard substantial Supreme Court precedent and implement a bright-line rule for establishing probable cause by requiring officers—regardless of surrounding circumstances—to conduct DMV checks in order for an arrest to be lawfully effectuated. *See, e.g., Ohio v. Robinette*, 519 U.S. 33, 39 (1996) ("In applying [probable cause,] we have consistently eschewed bright-line rules, instead emphasizing the fact-specific nature of the reasonableness inquiry"); *Michigan v. Chesternut*, 486 U.S. 567, 572 (1988) (citations omitted) ("heed this Court's clear direction that any assessment as to whether police conduct amounts to a seizure implicating the Fourth Amendment must take into account 'all of the circumstances surrounding the incident' in each individual case"); *Locke v. United States*, 11 U.S. 339, 348 (1813) (probable cause turns on the particular "circumstances which warrant suspicion.") Thus, a bright-line rule requiring DMV checks is *per se* improper.

Second, Plaintiff's contention also fails because the Constitution does not elevate boilerplate DMV checks over years of police training and experience. *See, e.g., United States v. Delossantos*, 536 F.3d 155, 159 (2d Cir. 2008) (citations omitted) (explaining that, because the probable cause "standard is fluid and contextual, a court must examine the totality of the circumstances of a given arrest … from the perspective of a reasonable officer in light of his

2

training and experience.") Moreover, case law does not establish a requirement for officers to run DMV checks to establish probable cause under § 170.20. Rather, courts have consistently held that, under § 170.20, "'an officer has probable cause if the physical characteristics of the allegedly forged document lead [him] to believe that an individual is knowingly in possession of a forged or fictitious document.'" *Gerasimou v. Cillis*, No. 15-CV-6892 (EK)(VMS), 2022 U.S. Dist. LEXIS 6211, at *8-9 (E.D.N.Y. Jan. 12, 2022) (citations omitted) (collecting cases).

Here, Sgt. Planeta relied on his training and experience to reasonably conclude that Plaintiff's license plates were forged based on clear visual discrepancies—including their color, the shape of their mounting holes, and their raised lettering—each inconsistent with authentic New York plates. (FAC at 18.) Plaintiff contends this is insufficient.[1] However, New York case law establishes that similar physical discrepancies have been sufficient to establish probable cause under § 170.20. *See, e.g., People v. Doudoulgou*, 126 N.Y.S.3d 839 (1st Dep't 2020) (criminal complaint was facially sufficient because it set forth "the bases for the officer's knowledge, in addition to his training and experience, that [several] items [were] forged," including that "the font on the license plate was larger than the font on a genuine plate, and the plate lacked a hologram and issue date."). Accordingly, the objective physical characteristics of Plaintiff's license plates established probable cause under § 170.20. Because "probable cause is established, there is no constitutional right, whether under the Fourth or Fourteenth Amendment, to demand further investigation before arrest or prosecution." *Virgil v. Town of Gates*, 455 F. App'x 36, 40 (2d Cir. 2012).

---

[1] Plaintiff also argues that the physical characteristics of his license plates—which are detailed in the criminal complaint attached to his FAC—cannot be relied upon because they are "hearsay." (Pl. Opp. at 3, 9.) However, whether or not a complaint includes hearsay statements is "irrelevant," *Whitfield v. City of New York*, 760 F. Supp. 3d 126, 144 (S.D.N.Y. 2024) (citations omitted), as "it is inappropriate at [the motion to dismiss] stage to consider whether or not the factual support underlying [the plaintiff's] claim ... constitutes hearsay." *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 378 (S.D.N.Y. 2006)

3

Thus, Plaintiff's proposed bright-line rule is improper, Sgt. Planeta was entitled to rely on his training and experience in determining that Plaintiff's license plates were forged based on their appearance, and Plaintiff did not have a right to demand further investigation or a DMV check.[2] Therefore, Plaintiff's false arrest claim fails and must be dismissed.

## POINT II

### PLAINTIFF'S MALICIOUS PROSECUTION CLAIM FAILS BECAUSE PROBABLE CAUSE SUPPORTED HIS PROSECUTION

Plaintiff contends that: (A) probable cause dissipated because "available" DMV data that was never accessed by officers constitutes known exculpatory information; and (B) probable cause also dissipated "once official [DMV] confirmations were furnished" to prosecutors "after arraignment." (Pl. Opp. at 10-11.) Both of these arguments fail.

**A.   Available but Unaccessed Data Does Not Constitute Known Information.**

In the context of malicious prosecution (and false arrest) claims, "the relevant factual inquiry is to determine what information the officer *knew* at the time of arrest." *Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013) (emphasis added) (citing *Devenpeck v. Alford*, 543 U.S. 146 (2004)). "That information is all that matters." *Id.* at 36-37 (explaining that "[a]n objectively reasonable police officer applying the probable-cause standard would not automatically or necessarily construe all available information in favor of a particular individual.")

Here, Plaintiff fails to plausibly allege that Defendants knew of any purported exculpatory information obtained through DMV checks at the time of his arrest. Instead, he repeatedly asserts that "officers failed to perform or heed DMV checks before arresting [him]." (*See, e.g.,* Pl Opp. at

---

[2] At a minimum, Sgt. Planeta and Det. Bolger are entitled to qualified immunity given the lack of "any case indicating that officers violate clearly established law by arresting [a] [p]laintiff based on the appearance of his license plate." *See Gerasimou*, 2022 U.S. Dist. LEXIS 6211, at *10.

4

6, 8, 9, 12; FAC ¶ 30.) Plaintiff contends that the "available" DMV information that Defendants never accessed somehow constitutes known exculpatory information. (Pl. Opp. at 11.) However, this contention fails because it is conclusory and because "probable cause is not eliminated by the mere existence of evidence that could permit a conclusion of innocence." *Williams v. Suffolk Cnty.*, 284 F. Supp. 3d 275, 287 (E.D.N.Y. 2018) (cleaned up; citations omitted). Even assuming *arguendo* that such data would have undermined probable cause,[3] Defendants' failure to access the DMV information does not retroactively negate the probable cause determination that was objectively reasonable and based on the known circumstances at the time of arrest. Thus, because, by Plaintiff's own account, Defendants never actually possessed any purported exculpatory information, probable cause did not dissipate. Therefore, Plaintiff's malicious prosecution claim fails and must be dismissed.

**B.    Plaintiff Does Not Plausibly Allege that Probable Cause Dissipated Between his Arrest and the Commencement of his Prosecution.**

Where probable cause existed at the time of arrest, a plaintiff pursuing a malicious prosecution claim against police officers must plausibly allege that probable cause dissipated by identifying "some fact that came to the attention of the police after the arrest but before the prosecution had been initiated." *Keith v. City of New York*, 641 Fed. Appx. 63, 67 (2d Cir. 2016) (citations omitted); *see also Burgess v. DeJoseph*, 725 F. App'x 36, 40 (2d Cir. 2018) (noting that "prosecution commences at arraignment.") (citations omitted).

Here, Plaintiff's allegation that probable cause "dissipate[d] once official [DMV] confirmations were furnished" is unavailing, as he repeatedly asserts that, only "[f]ollowing arraignment, [his] defense counsel furnished DMV confirmations to the District Attorney." (*See*

---

[3] As explained in Defendants' Motion, the DMV data does *not* vitiate a finding of probable cause, but strengthens it. (*See* Defendants' Motion at 11-12.)

5

Pl. Opp. at 1, 3, 10-11; FAC ¶¶ 40-41.) Thus, even assuming *arguendo* that the DMV confirmations were exculpatory, because they were "furnished" to prosecutors—rather than police—after his arraignment, Plaintiff fails to plausibly allege that probable cause dissipated.[4] Therefore, Plaintiff's malicious prosecution claim fails and must be dismissed.

## POINT III

### PLAINTIFF'S FAIR TRIAL CLAIM FAILS AND MUST BE DISMISSED

To state a denial of a fair trial claim against police officers, a plaintiff must plausibly allege that the officer "knowingly falsif[ied] evidence," *Smalls v. Collins*, 10 F.4th 117, 132 (2d Cir. 2021) (citation omitted), and "provide sufficiently specific factual allegations regarding the nature and content" of the falsified information. *Buari v. City of New York*, 530 F. Supp. 3d 356, 388 (S.D.N.Y. 2021).

Here, Plaintiff fails to do either. Instead of creating even a plausible inference that Defendants knowingly falsified information, he only alleges that Defendants "omitt[ed]" DMV information that they never accessed or checked, but purportedly "would have reflected validity" of his plates. (*See* Pl. Opp. at 11-12.) Beyond omission of unknown information, Plaintiff's allegation—that Defendants falsified evidence by "press[ing] a forged-plate narrative"—is also insufficient, as it is conclusory and fails to specify what particular information was falsified. (Pl. Opp. at 13.) Thus, Plaintiff's denial of a fair trial claim fails and must be dismissed.[5]

---

[4] At a minimum, Sgt. Planeta and Det. Bolger are also entitled to qualified immunity. *See Gil v. Cnty. of Suffolk*, 590 F. Supp. 2d 360, 370 (E.D.N.Y. 2008) (explaining that "officers with probable cause to arrest are also entitled to qualified immunity as to malicious prosecution claims") (citations omitted).

[5] Although typically inapplicable to denial of fair trial claims, Sgt. Planeta and Det. Bolger are, at a minimum, also entitled to qualified immunity given the complete dearth of Supreme Court or Second Circuit precedent addressing whether the omission of unknown information violates a clearly established right, and Second Circuit precedent establishing that, "'[o]nce an officer has probable cause, he … is [not] allowed to continue investigating.'" *Garcia v. Does*, 779 F.3d 84, 93 (2d Cir. 2015) (citations omitted).

6

# POINT IV

## PLAINTIFF'S UNLAWFUL SEIZURE OF PROPERTY CLAIM MUST BE DISMISSED

Plaintiff contends that the impoundment of his vehicle was unreasonable because of the "non-hazardous conditions, available alternatives, deviation from standardized procedure, and evidence of investigatory motive." (Pl. Opp. at 14.) However, given Plaintiff's allegations, none of these contentions is availing.

It is well established that, "[t]he authority of the police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience"—including where vehicles "violate parking ordinances"—is "beyond challenge." *See South Dakota v. Opperman*, 428 U.S. 364, 368-69 (1976). Accordingly, where, a vehicle is reasonably believed to "not have proper plates" and "'will be inaccessible to its owner for an extended period—as a result of an arrest'"— impoundment under the community caretaking exception is justified. *See United States v. Fabian*, No. 16-CR-131 (DLI), 2019 U.S. Dist. LEXIS 131667, at *18 (E.D.N.Y. Aug. 6, 2019); *see also VW Credit Leasing Ltd. v. Runway Towing Corp.*, 757 F. Supp. 3d 271, 285 (E.D.N.Y. 2024) (community caretaking exception is justified where a car could not be "lawfully drive[n] away without its plates"); N.Y. Veh. & Traf. Law § 402(1)(a) (McKinney) ("§ 402(1)(a)").[6] Thus, the conditions justified the seizure of Plaintiff's vehicle under the community caretaking exception.

Similarly, Plaintiff's contention that impoundment was unreasonable because of less "intrusive" existing "alternatives"—including, "park[ing] the car curbside or arrang[ing] for retrieval by a third-party"—is also without merit. (*See* Pl. Opp. at 14.) The "reasonableness of any particular governmental activity does not … turn on the existence of alternative 'less intrusive'

---

[6] Section 402(1)(a) provides that "[n]o person shall operative, drive or park a motor vehicle" on a public road without, *inter alia*, "plates" issued by the State of New York.

7

means" or what 'could have been achieved,' but [on] whether the Fourth Amendment *requires* such steps." *Colorado v. Bertine*, 479 U.S. 367, 374 (1987) (citing *Illinois v. Lafayette*, 462 U.S. 640, 647 (1983)). Here, neither alternative was required, as, first, § 402(1)(a) prohibits parking cars that do not have validly issued license plates, and, second, police are "not required to grant" an arrestee's request "to arrange" for a third-party driver to remove the car. *See United States v. Lyle*, 919 F.3d 716, 731 (2d Cir. 2019) (citations omitted).

Finally, Plaintiff's remaining contentions are also unavailing because, as the Second Circuit has explained, the Fourth Amendment neither requires adherence to standardized impoundment criteria nor accounts for an officer's subjective motivations. *Id.* (citations omitted). Therefore, the impoundment of Plaintiff's car was objectively reasonable under the community caretaking exception, and his claim for unlawful seizure of property must be dismissed.[7]

## POINT V

### PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST BE DISMISSED

Plaintiff contends that Defendants Moscoso and Hossain should have reasonably known that his arrest and car's impoundment were unconstitutional and failed to "prevent" them by not "running a DMV terminal check, objecting to the arrest, halting the impoundment or ensuring a standardized tow procedure, and correcting or halting accusatory paperwork." (Pl. Opp. at 15.)

However, Plaintiff's claim fails for several reasons. First, he does not plausibly allege that Defendants Moscoso or Hossain had any reason to believe that Sgt. Planeta's conduct was unconstitutional—particularly where, as explained in Points I and IV, *supra*, the physical

---

[7] At a minimum, because neither the Supreme Court nor the Second Circuit has definitively addressed "'whether and under what circumstances vehicle impoundments for traffic infractions violate the Fourth Amendment,'" Sgt. Planeta is entitled to qualified immunity given his reasonable belief that he was authorized to remove Plaintiff's car, which was in violation of § 402(1)(a). *See Hawthorne by Hawthorne v. Cnty. of Putnam*, 492 F. Supp. 3d 281, 299 (S.D.N.Y. 2020) (noting that noting that an officer's belief that he was authorized to remove a car in violation of traffic laws entitles him to qualified immunity) (citations omitted).

8

characteristics of Plaintiff's license plates sufficiently provided Sgt. Planeta with probable cause and the vehicle's impoundment was reasonable under the community caretaking exception. *See Gerasimou*, 2022 U.S. Dist. LEXIS 6211, at *13. Second, Plaintiff also fails to plausibly allege that Defendants Moscoso or Hossain had a realistic opportunity to halt or correct the accusatory paperwork, or that they even knew what information the complaint contained—deficiencies that are fatal to a failure to intervene claim. *See, e.g., Case v. City of New York*, 233 F. Supp. 3d 372, 402 (S.D.N.Y. 2017); *Matthews v. City of New York*, 889 F. Supp. 2d 418, 444 (E.D.N.Y. 2012) (collecting cases). Thus, Plaintiff's failure to intervene claim fails and must be dismissed.[8]

## POINT VI

### PLAINTIFF'S *MONELL* CLAIMS ARE DEFICIENT AND SHOULD BE DISMISSED

In his Opposition, Plaintiff alleges a custom theory of liability—relating to (1) "non-enforcement" of "pre-arrest DMV/e-Justice verification protocols," (2) "failures to transmit exculpatory information to prosecutors," and (3) "non-standardized, more intrusive impound practices"—and a theory of deliberate indifference. (Pl. Opp. at 17.) Both theories are deficient.[9]

**A.    Plaintiff Fails to Plausibly Allege a Widespread Practice or Custom.**

*De facto* policy or custom theories of municipal liability are consistently dismissed where a plaintiff "'fails to identify any other incidents that would indicate a pattern or practice.'" *See Iosilevich v. City of N.Y.*, No. 22-CV-3714 (RPK) (LB), 2024 U.S. Dist. LEXIS 178098, at *23 (E.D.N.Y. Sept. 30, 2024) (citations omitted). Here, Plaintiff does not identify a single other incident to suggest that the purported constitutional injuries he allegedly suffered were consistent

---

[8] At a minimum, because arguable probable cause existed to arrest Plaintiff, and the seizure of Plaintiff's vehicle was reasonable and did not violate any clearly established law, Defendants Moscoso and Hossain are also entitled to qualified immunity. *See Gerasimou*, 2022 U.S. Dist. LEXIS 6211, at *12.

[9] Additionally, Plaintiff's *Monell* claim fails and must be dismissed because he cannot establish a requisite underlying constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

9

with a larger pattern of similar conduct or imply constructive knowledge by officials. Instead, he repeats his sole, conclusory allegation of "prior lawsuits/complaints" without providing any additional support. (*See* Pl. Opp. at 17; FAC ¶ 80.) Plaintiff believes that this sole allegation "is more than boilerplate" and enough. (Pl. Opp. at 17.) But he is wrong; it is fatal. *See, e.g., Iosilevich*, 2024 U.S. Dist. LEXIS 178098, at *23 (citations omitted); *Kiss v. Torres*, No. 21 Civ. 10391 (KMK), 2024 U.S. Dist. LEXIS 50637, at *69 (S.D.N.Y. Mar. 19, 2024) (collecting cases).

### B.     Plaintiff Fails to Plausibly Allege Deliberate Indifference.

Deliberate indifference claims are held to "a stringent standard of fault," *Connick v. Thompson*, 563 U.S. 51, 61 (2011), and are consistently dismissed where a plaintiff fails to "plausibly allege a specific deficiency in the municipality's training." *Kiss*, 2024 U.S. Dist. LEXIS 50637, at *73 (collecting cases). That "plaintiffs cannot be expected to know the details of a municipality's training programs prior to discovery does not relieve them of their obligation under *Iqbal* to plead a facially plausible claim." *Simms v. City of New York*, 480 F. App'x 627, 631 n.4 (2d Cir. 2012) (citations omitted).

Here, Plaintiff fails to plead any facts suggesting that an alleged training deficiency caused his purported constitutional injuries, "for example by identifying 'procedural manuals or training guides' or by 'highlighting relevant particular aspects of police training or supervision.'" *See Tieman v. City of Newburgh*, No. 13 Civ. 4178 (KMK), 2015 U.S. Dist. LEXIS 38703, at *68 (S.D.N.Y. Mar. 26, 2015) (citations omitted). Thus, because Plaintiff's deliberate indifference claim also fails, his *Monell* claim must be dismissed.

### **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that this Court dismiss the FAC with prejudice, and order any other and further relief that it deems just and proper.

## **CERTIFICATION**

In accordance with Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is 3,174. I have relied on the word count function of Microsoft Word to prepare this certification.

Dated: New York, New York
       November 18, 2025

                                        **MURIEL GOODE-TRUFANT**
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants City of New York, Planeta,*
                                              *Bolger, Moscoso, and Hossain.*
                                        100 Church Street
                                        New York, New York 10007
                                        T: (212) 356-1643

                                        By:    *Michael Futral*    /s/
                                                     Michael Futral, Esq.
                                                     *Assistant Corporation Counsel*
                                                     Special Federal Litigation

Cc:     Charles Saldarriaga
           1-20 Astoria Blvd., Apt. 4H
           Astoria, NY 11102
           *Pro se Plaintiff*