UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

CHARLES SALDARRIAGA,

Plaintiff,

v.

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, SERGEANT WILLIAM J. PLANETA, DETECTIVE ERIC BOLGER, DETECTIVE LEONARDO MOSCOSO, and OFFICER MOHAMMAD F. HOSSAIN,

Defendants.

---------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-1115 (RPK) (JRC)

RACHEL P. KOVNER, United States District Judge:

Plaintiff Charles Saldarriaga, proceeding *pro se*, brings this 42 U.S.C. § 1983 action against the City of New York and four New York City Police Department ("NYPD") officers principally alleging the officers unlawfully arrested him for possessing forged license plates. Defendants move to dismiss for failure to state a claim. For the reasons set forth below, the motion is granted.

## BACKGROUND

The following facts are drawn from the amended complaint and from documents incorporated by reference in that complaint. They are assumed true for the purposes of this order.

On March 27, 2024, plaintiff was driving a green vehicle bearing license plates that said "FOREV3R5." Am. Compl. Ex. B. (Dkt. #35). NYPD Sergeant William J. Planeta observed what he suspected to be forged license plates on the vehicle and pulled plaintiff over near 28-31 Steinway Street in Queens, New York. *Id.* ¶¶ 23–24, Ex. B.

During the traffic stop, Sergeant Planeta questioned plaintiff about his license plates. *Id.* Ex. B. Plaintiff stated that he purchased them from the Department of Motor Vehicles ("DMV"). *Ibid.* Sergeant Planeta nevertheless concluded that plaintiff's plates were "forged" based on his "training in the detection and identification of forged instruments" and the physical appearance of the plates. *Ibid.* Specifically, Sergeant Planeta observed that the plates had a black background, "whereas an authentic New York State license plate background would not be black"; that the plates had circular mounting holes, "whereas an authentic New York license plate would have oblong mounting holes"; and that the lettering on the plates was raised, "whereas the lettering on an authentic New York State license plate would be flat." *Ibid.* If Sergeant Planeta had checked New York State's online "eJusticeNY" portal, which plaintiff alleges on information and belief did not happen, Sergeant Planeta would have seen that the DMV previously issued plaintiff license plates that said "FOREV3R5." *Id.* ¶ 30, 31, Ex. C.

At some point during the traffic stop, NYPD Detective Leonardo Moscoso and NYPD Officer Mohammad F. Hossain arrived at the scene. *Id.* ¶ 27. In the presence of Detective Moscoso and Officer Hossain, Sergeant Planeta ordered plaintiff to exit his car, handcuffed him, and directed that he be transported to the 114th NYPD Precinct. *Id.* ¶ 28. Sergeant Planeta then personally entered plaintiff's car and drove it to the precinct, where it was damaged. *Id.* ¶¶ 33, 45.

At the precinct, NYPD Detective Eric Bolger questioned plaintiff and prepared a complaint charging him under New York Penal Law § 170.20 with criminal possession of a forged instrument in the third degree. *Id.* ¶ 36, Ex. B. The complaint contained Detective Bolger's sworn testimony as to what he was told by Sergeant Planeta. *Id.* Ex. B. Plaintiff was arraigned the next day. *Id.* ¶ 39. After the arraignment, plaintiff's attorney contacted the District Attorney and provided her with "DMV confirmations" as to his license plates, which appear to have included (1) an email

receipt from the DMV indicating that plaintiff previously purchased plates that said "FOREV3R5," and (2) a registration statement from a DMV website indicating that plates that said "FOREV3R5" were associated with a vehicle registered by plaintiff—though with a white car rather than a green one. *Id.* ¶ 41, Ex. D. The charges were dismissed four months later on speedy-trial grounds. *Id.* ¶ 44, Ex. F.

In this suit, plaintiff names the City of New York, Sergeant Planeta, Detectives Bolger and Moscoso, and Officer Hossain as defendants. *Id.* ¶¶ 7–22. The amended complaint asserts three causes of action against Sergeant Planeta and Detective Bolger: (1) false arrest, *id.* ¶¶ 48–55, (2) malicious prosecution, *id.* ¶¶ 56–62, and (3) fabrication of evidence, *id.* ¶¶ 63–67. It also asserts (4) unlawful seizure of plaintiff's car against Sergeant Planeta alone, *id.* ¶¶ 68–72, and (5) failure to intervene against Detective Moscoso and Officer Hossain, *id.* ¶¶ 73–77. Finally, it asserts (6) *Monell* liability against the City of New York. *Id.* ¶¶ 78–82. All six causes of action are brought under 42 U.S.C. § 1983. Plaintiff seeks compensatory and punitive damages and costs.

Defendants filed a motion to dismiss plaintiff's initial complaint. Afterward, plaintiff filed an amended complaint, and defendants filed a new motion to dismiss that complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Mem. in Supp. of Mot. to Dismiss (Dkt. #37); Reply in Supp. of Mot. to Dismiss (Dkt. #43). Plaintiff opposes the motion. *See* Mem. in Opp'n to Mot. to Dismiss (Dkt. #41).

**STANDARD OF REVIEW**

A complaint will survive a motion to dismiss only when it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court may consider only (1) the complaint itself, (2) documents either attached to the complaint or incorporated in it by reference, (3) documents the plaintiff relied on and knew of

when bringing suit, and (4) matters in the public record that are subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999). The court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022) (citation omitted). Here, plaintiff has attached certain documents to the complaint and relies on them in the complaint itself and in his brief opposing dismissal. Accordingly, in adjudicating the motion to dismiss, the Court considers both the statements in the complaint and the statements in the attached documents, insofar as the statements therein are not contradicted by the complaint.

A *pro se* plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). *Pro se* status, however, does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citation omitted).

## DISCUSSION

The motion to dismiss is granted. Plaintiff's false-arrest and malicious-prosecution claims are defeated by probable cause, and plaintiff otherwise fails to state a claim for fabrication of evidence, unlawful seizure, or failure to intervene against the officer defendants. Plaintiff's *Monell* claim against the City of New York fails because there was no underlying constitutional violation. Accordingly, the amended complaint is dismissed with prejudice.

## I. The amended complaint fails to state a claim.

### A. False Arrest

Plaintiff's false-arrest claim against Sergeant Planeta and Detective Bolger is defeated by probable cause. To state a false-arrest claim, a plaintiff must plausibly allege "that (1) a 'defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (citation omitted). An arrest is privileged if "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." *Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006) (citation omitted). As a result, probable cause "is a complete defense to an action for false arrest." *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021).

Probable cause exists when a law enforcement officer has "knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *United States v. Diaz*, 854 F.3d 197, 203 (2d Cir. 2017) (citation omitted). Although "an officer may not disregard plainly exculpatory evidence," "he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Jin v. City of New York*, 169 F.4th 373, 385 (2d Cir. 2026) (citations omitted). His "function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." *Ibid.* (citation omitted).

#### 1. Sergeant Planeta

Sergeant Planeta had probable cause to arrest plaintiff for violating New York Penal Law § 170.20, which makes it a crime to "possess[] a forged instrument" "with knowledge that it is forged and with intent to defraud, deceive or injure another." A "forged instrument" is one "which

has been falsely made, completed or altered." N.Y. Penal Law § 170.00(7). An officer generally has probable cause to arrest an individual whom he observes engaging in proscribed conduct "even without specific evidence on the elements of knowledge and intent," because the officer "has 'no reason to know at the time' he observes [the] person . . . what is in the person's mind," and because knowledge and intent are commonly inferred from the underlying conduct itself. *McGuire v. City of New York*, 142 F. App'x 1, 3 (2d Cir. 2005) (citation omitted); *see Medina v. City of New York*, No. 20-CV-797 (VEC), 2021 WL 1700323, at *3 (S.D.N.Y. Apr. 29, 2021); *Smith v. DeGirolamo*, No. 17-CV-5532 (KAM) (ST), 2020 WL 5752226, at *7 (E.D.N.Y. Sep. 25, 2020). As a result, the relevant inquiry focuses simply on whether Sergeant Planeta had probable cause to believe that plaintiff possessed a forged instrument.

Sergeant Plaintiff had probable cause to believe plaintiff did so. The black background, circular mounting holes, and raised lettering on plaintiff's plates, which Sergeant Planeta's "training in the detection and identification of forged instruments" led him to believe were not authentic, were sufficient to satisfy this standard. Am. Compl. Ex. B; *see Ikezi v. City of New York*, No. 14-CV-5905 (MKB), 2017 WL 1233841, at *12 (E.D.N.Y. Mar. 31, 2017) (finding probable cause under § 170.20 where officers "observed the license plate and it looked like a sticker affixed to a metal backing"); *Xu v. City of New York*, No. 18-CV-1222 (RA), 2020 WL 2088301, at *5 (S.D.N.Y. Apr. 30, 2020) (finding probable cause under New York Penal Law § 170.25, a closely related provision, where officers observed "obvious alterations" and "whiteout" on a driver's license).

Plaintiff argues Sergeant Planeta lacked probable cause because he did not look up plaintiff's plates in a DMV database, using either the online "eJusticeNY" portal or a similar tool. Mem. in Opp'n 5–6. But the probable cause standard does not require Sergeant Planeta to have

conducted additional investigation beyond his observation of the plates' physical characteristics. *See Ikezi*, 2017 WL 1233841, at *2 ("[A]n officer has probable cause if the physical characteristics of the allegedly forged document lead the officer to believe that [it is forged]." (internal quotation marks and citation omitted)); *Xu*, 2020 WL 2088301, at *5 (noting that "[t]he condition of the [driver's license] . . . was itself sufficient to establish probable cause"); *Gerasimou v. Cillis*, No. 15-CV-6892 (EK) (VMS), 2022 WL 118748, at *4 (E.D.N.Y. Jan. 12, 2022) (collecting cases). Plus, the information in the database would not have defeated probable cause. The "eJusticeNY" portal states that the DMV previously issued plaintiff license plates that said "FOREV3R5"—albeit for a white vehicle, not a green one. Am. Compl. ¶ 30, Ex. C. The fact that plaintiff was issued plates bearing those digits does not establish that the plates on plaintiff's green car were valid. Given those plates' nonstandard background color, mounting hole shape, and lettering format, Sergeant Planeta would still have had reason to believe they were forged. Accordingly, probable cause bars plaintiff's false-arrest claim against Sergeant Planeta.

**2. Detective Bolger**

Assuming *arguendo* that Detective Bolger detained plaintiff, he too had probable cause to do so. "Absent significant indications to the contrary, an officer is entitled to rely on his fellow officer's determination that an arrest was lawful." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (citation omitted); *see Loria v. Gorman*, 306 F.3d 1271, 1288 (2d Cir. 2002) (finding "no basis for liability" on a false-arrest claim where an officer "did not witness any unlawful activity and simply accepted [the defendant] from [a fellow officer]"). The amended complaint states that Detective Bolger was "informed by" Sergeant Planeta about the basis for plaintiff's arrest once plaintiff was brought to the precinct, and it does not suggest that Detective Bolger was aware of any indications Sergeant Planeta's analysis was incorrect. Am. Compl. Ex. B. To the extent

plaintiff argues Detective Bolger should have looked up plaintiff's plates in a DMV database, that argument fails for the same reasons it fails with respect to Sergeant Planeta.

**B. Malicious Prosecution**

Probable cause also bars plaintiff's malicious-prosecution claim against Sergeant Planeta and Detective Bolger. To state a malicious-prosecution claim, a plaintiff must plausibly allege (1) "the commencement or continuation of a criminal proceeding against [him]; ([2]) the termination of the proceeding in [his] favor; ([3]) 'that there was no probable cause for the proceeding'; and ([4]) 'that the proceeding was instituted with malice.'" *Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016). "Because lack of probable cause is an element of a malicious prosecution claim, 'the existence of probable cause is a complete defense.'" *Stansbury v. Wertman*, 721 F.3d 84, 94–95 (2d Cir. 2013). If an officer had probable cause to conduct an arrest, the officer also had probable cause to commence criminal proceedings "unless intervening facts discovered between the arrest and the initiation of prosecution dissipate[d] probable cause." *Sacaza v. City of New York*, 169 F.4th 363, 370 (2d Cir. 2026); *see Alberty v. Hunter*, 144 F.4th 408, 418 (2d Cir. 2025) ("[E]ven when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause. In order for probable cause to dissipate, the groundless nature of the charge must be made apparent by the discovery of some intervening fact.").

Assuming *arguendo* that both Sergeant Planeta and Detective Bolger initiated criminal proceedings against plaintiff by contributing to the criminal complaint that charged him, they had probable cause to do so. For the reasons discussed in the preceding section, they had probable cause to arrest plaintiff, and the amended complaint does not state that any facts came to the attention of the officers between the arrest and the submission of the criminal complaint that would have caused probable cause to dissipate. The amended complaint also does not allege any acts by

the officers besides contributing to the criminal complaint that could plausibly qualify as initiating criminal proceedings. *See Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010) (holding that, "[t]o initiate a prosecution, a defendant must . . . play an active role in" it, such as by "fil[ing] the charges" (internal quotation marks and citations omitted)).

Plaintiff suggests that probable cause dissipated because his counsel provided the District Attorney with an email receipt and registration statement from the DMV indicating that he previously purchased a license plate with the same letters as the license plate on his car: "FOREV3R5." Mem. in Opp'n 10–11. But his counsel provided those items after his arraignment, so they could not have caused probable cause to dissipate between his arrest and the submission of the criminal complaint—after which responsibility for the charges would lie with the District Attorney, not with Sergeant Planeta and Detective Bolger. *See Dufort v. City of New York*, 874 F.3d 338, 352 (2d Cir. 2017) ("[W]hen a plaintiff pursues a claim of malicious prosecution against police officers based on an unlawful arrest, the intervening exercise of independent judgment by a prosecutor to pursue the case usually breaks the chain of causation unless the plaintiff can produce evidence that the prosecutor was misled or pressured by the police." (internal quotation marks and citation omitted)). Accordingly, probable cause defeats plaintiff's malicious-prosecution claim against Sergeant Planeta and Detective Bolger.

### C. Fabrication of Evidence

Plaintiff has not stated a fabrication of evidence claim against Sergeant Planeta or Detective Bolger because he has not plausibly alleged that either officer knowingly provided prosecutors with inaccurate information. A plaintiff's right to due process is violated when "an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir.

2016). The second element "requires a plaintiff to prove that a defendant's use of inaccurate information was 'knowing, as opposed to mistaken.'" *Davis-Guider v. City of Troy*, No. 23-589, 2024 WL 5199294, at *3 (2d Cir. 2024) (summary order) (quoting *Barnes v. City of New York*, 68 F.4th 123, 129 (2d Cir. 2023)). Information "that is incorrect or simply disputed should not be treated as fabricated merely because it turns out to have been wrong." *Ibid.* (quoting *Halsey v. Pfeiffer*, 750 F.3d 273, 295 (3d Cir. 2014)).

Here, plaintiff asserts that Sergeant Planeta and Detective Bolger fabricated information by telling prosecutors he was driving with forged license plates. Am. Compl. ¶ 64. But the complaint goes on to describe why the officers drew that conclusion, stating that it was "based upon [Sergeant Planeta's] training in the detection and identification of forged instruments," and on unusual aspects of the plates' physical appearance that plaintiff does not dispute. *Id.* Ex. B. In this context, the amended complaint does not plausibly allege facts suggesting that the allegation of forgery was anything other than a good-faith conclusion based on the physical appearance of the plates. Nor are there facts in the amended complaint suggesting that information came to either officer's attention, prior to the swearing out of the criminal complaint, that cast doubt on the accuracy of the statements in that complaint. Without more, plaintiff has failed to state a fabrication claim. *See Medina*, 2021 WL 1700323, at *5 ("Plaintiff's belief that it was unreasonable for [defendant] not to investigate whether there was some innocent explanation in no way leads to the conclusion that Defendant intentionally fabricated information." (internal quotation marks and citation omitted)).

**D. Unlawful Seizure**

Plaintiff has not plausibly alleged that Sergeant Planeta violated his Fourth Amendment rights by seizing his car after his arrest.

While the Fourth Amendment does not generally permit officers to make warrantless seizures of vehicles, the "community caretaking exception" permits them to do so when justified "in the interests of public safety." *United States v. Lyle*, 919 F.3d 716, 728 (2d Cir. 2019). The Second Circuit has "consistently held that officers' decisions to seize and remove vehicles" fell within this exception "in circumstances where, due to arrests, suspended licenses, or other reasons, no driver would be available to remove the vehicle from its location." *United States v. Leeper*, --- F.4th ----, 2026 WL 2339544, at *15 (2d Cir. 2026). In *Lyle*, for example, the Court held that it was permissible for an officer to impound a vehicle where impoundment "ensured that the . . . vehicle was not left on a public street in a busy midtown Manhattan location where it could have become a nuisance or been stolen or damaged and could have become illegally parked the next day." *Lyle*, 919 F.3d at 731. In *Leeper*, the Court came to the same conclusion where the "vehicle had an expired registration, such that no one could lawfully drive it away." *Leeper*, 2026 WL 2339544, at *15.

Given this exception, plaintiff has not set forth facts suggesting that the seizure of his car was unlawful. The amended complaint states that plaintiff was arrested near 28-31 Steinway Street in Queens, New York and that his car was taken from the same location, Am. Compl. ¶¶ 23–24, 33, and it does not indicate that anyone besides plaintiff was available to take possession of the car after the arrest. 28-31 Steinway Street is located on a two-lane street lined with commercial establishments. *See* Fed. R. Evid. 201(b) (permitting judicial notice of facts "not subject to reasonable dispute"); *Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246 (E.D.N.Y. 2010) ("Courts commonly use internet mapping tools to take judicial notice of . . . geography."). Moreover, New York law makes it illegal for a vehicle to be parked or driven with improper license plates. N.Y. Veh. & Traf. Law § 402(2). Sergeant Planeta was thus faced with the decision

whether to impound a vehicle or else leave it unattended and illegally parked on a commercial street. Under those circumstances, impounding the vehicle was lawful. *See Vasquez v. Yadali*, No. 16-CV-895 (NSR), 2020 WL 1082786, at *8 (S.D.N.Y. Mar. 5, 2020) (concluding that it was lawful for an officer to impound a vehicle that had broken windshield glass in violation of New York law); *Muir v. Village of Freeport*, No. 23-CV-3904 (DG) (SIL), 2025 WL 4789609, at *6 (E.D.N.Y. Aug. 13, 2025) (rejecting an unlawful seizure claim where "the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle" and "it is necessary to remove the vehicle from a[] public location" (citation omitted)).

Plaintiff argues it was improper for Sergeant Planeta to drive the car to the precinct himself "rather than employing standardized, least-intrusive impound procedures," such as hiring a tow company. Am. Compl. ¶ 69; *see* Mem. in Opp'n 13–14. But the Second Circuit has expressly "decline[d] to adopt a standardized impoundment procedure requirement." *Leeper*, 2026 WL 2339544, at *15 (quoting *Lyle*, 919 F.3d at 731). Instead, whether an impoundment satisfies the Fourth Amendment depends on "the totality of the circumstances." *Ibid.* (quoting *Lyle*, 919 F.3d at 731). For the reasons outlined above, the totality of the circumstances support Sergeant Planeta's decision to impound plaintiff's vehicle.

**E. Failure to Intervene**

Plaintiff has not stated a failure-to-intervene claim against Detective Moscoso and Officer Hossain because he has not plausibly alleged there was unlawful action that intervention could have prevented.

Police officers have "an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997) (citation omitted). As a result, "[f]ailure to intercede to prevent an unlawful arrest," or to prevent other unlawful action, "can be grounds for § 1983

liability." *Ibid.* But if there is no underlying unlawful action, an officer's failure to intervene is not itself unlawful. In that way, "[f]ailure to intervene claims are contingent upon the disposition of the primary claims underlying the failure to intervene claim." *Holland v. City of New York*, 197 F. Supp. 3d 529, 549 (S.D.N.Y. 2016) (citation omitted); *see Lewis v. Fischer*, No. 08-CV-3027, 2009 WL 689803, at *6 n.3 (E.D.N.Y. Mar. 12, 2009) ("When no constitutional violation has taken place, bystanding officers cannot be held liable."). Here, plaintiff argues that Detective Moscoso and Officer Hossain should have intervened to prevent Sergeant Planeta from arresting him and impounding his car. But as explained above, plaintiff has not plausibly alleged that either his arrest or the impoundment of his car was unlawful. Without having stated a claim for any underlying unlawful activity, plaintiff has not stated a claim for failure to intervene either.

### F. *Monell* Claim

Plaintiff's remaining claim seeks to hold the City of New York liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for failing to implement certain policies and training. But "*Monell* does not provide a separate cause of action for the failure by the government to [implement policies or] train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). "In other words, a *Monell* claim cannot succeed without an independent constitutional violation." *Anilao v. Spota*, 27 F.4th 855, 874 (2d Cir. 2022). Since plaintiff has not stated a claim for any independent constitutional violation, he has not stated a claim under *Monell* either.

## II. The amended complaint is dismissed with prejudice.

The amended complaint is dismissed with prejudice. While leave to amend should be liberally granted, "[w]hen a plaintiff was aware 'of the deficiencies in his complaint when he first amended,' he 'clearly has no right to a second amendment even if the proposed second amended

complaint in fact cures the defects of the first.'" *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) (brackets and citation omitted); *see, e.g.*, *Housey v. Proctor & Gamble Co.*, No. 22-888, 2022 WL 17844403, at *2 (2d Cir. Dec. 22, 2022) (affirming denial of leave to amend plaintiff's "once-amended complaint" where plaintiff failed to establish "proposed amendments [that] would be able to cure the defects identified by the district court"). Plaintiff has already amended his complaint once after notice of defendants' arguments for dismissal, *see* Mem. in Supp. of Mot. to Dismiss (Dkt. #32), and he does not propose any amendments that would cure the deficiencies in his claims, *see* Mem. in Opp'n 20. A further opportunity to amend is therefore unwarranted, and the amended complaint is dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss is granted, and the amended complaint is dismissed with prejudice.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: September 14, 2026
Brooklyn, New York